Filed 5/2/13  P. v. Terrill CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN ERVIN TERRILL,<br><br>    Defendant and Appellant. | E057058<br><br>(Super.Ct.No. RIF1104084)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Michael S. Hider, Judge.  (Retired judge of the Merced Sup. Ct., assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed as modified.

William D. Farber, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Natasha Cortina, Ronald A. Jakob and Kelley Johnson, Deputy Attorneys General, for Plaintiff and Respondent.

A jury found defendant and appellant John Ervin Terrill guilty of assault by force likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(1).)[1] The jury also found true that defendant had personally inflicted great bodily injury on the victim. (§ 12022.7, subd. (a).) Defendant subsequently admitted that he had sustained three prior prison terms. (§ 667.5, subd. (b).) As a result, defendant was sentenced to a total term of 10 years in state prison with credit for time served. Defendant's sole contention on appeal is that the abstract of judgment should be corrected to describe his convicted offense as "assault by force likely to produce great bodily injury" rather than "assault with a deadly weapon." We agree and will direct the superior court clerk to amend the abstract of judgment.

## I

## PROCEDURAL BACKGROUND[2]

Defendant was charged by amended information with first degree robbery (§§ 211, 212.5, count 1); assault with a deadly weapon (§ 245, subd. (a)(1), count 2); and assault by force likely to produce great bodily injury (§ 245, subd. (a)(1), count 3). As to count 3, the amended information also alleged that defendant had personally inflicted great bodily injury upon the victim. (§ 12022.7, subd. (a).) The amended

---

[1] All future statutory references are to the Penal Code unless otherwise stated. Defendant's son was a codefendant in this matter, but he is not a party to this appeal.

[2] The details of defendant's criminal conduct are not relevant to the limited issue raised in this appeal. Those details are set out in defendant's opening brief, and we will not recount them here.

information further alleged that defendant had sustained three prior prison terms. (§ 667.5, subd. (b).)

Following a jury trial, defendant was convicted of assault by force likely to produce great bodily injury as alleged in count 3.[3] The jury also found true that defendant had personally inflicted great bodily injury on the victim. (§ 12022.7, subd. (a).) The abstract of judgment indicates that defendant was convicted of "Assault w/deadly."

II

DISCUSSION

Defendant contends the abstract of judgment erroneously reflects that he was convicted of assault with a deadly weapon rather than his actual conviction of assault by force likely to produce great bodily injury. He maintains that he is aggrieved by the difference because assault with a deadly weapon constitutes a felony strike conviction and is a violent felony; thus, as it remains, defendant may face enhanced sentencing should he reoffend and have his credit for time served limited. The People concede the issue. We agree.

---

[3] The jury found defendant not guilty of first degree robbery (§§ 211, 212.5) as alleged in count 1, and was unable to reach a verdict on count 2, assault with a deadly weapon (§ 245, subd. (a)(1)). The People later dismissed count 2.

Appellate courts have inherent power to correct clerical errors contained in abstracts of judgment that do not accurately reflect the judgment.  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  The distinction between assault with a deadly weapon and assault by force likely to produce great bodily injury is important because the former is a serious felony, which counts as a "strike" and can double the sentence for a subsequent offense.  (*People v. Delgado* (2008) 43 Cal.4th 1059, 1065.)  Similarly, conviction of a violent felony limits prison conduct credits to 15 percent.  (§ 2933.1, subd. (a).)

Here, the jury expressly found defendant guilty of assault by force likely to produce great bodily injury and not, as indicated in the abstract of judgment, assault with a deadly weapon.  As noted above, assault with a deadly weapon is a strike offense.  Thus, the abstract of judgment must be corrected to reflect that defendant was convicted of the nonstrike offense of assault by force likely to produce great bodily injury, rather than assault with a deadly weapon.  Such correction may be made in whatever abbreviated form is regularly used to reflect such a conviction in abstracts of judgment.

## III

## DISPOSITION

The superior court clerk is directed to amend the abstract of judgment to correctly reflect that defendant was convicted of "assault by force likely to produce great bodily injury," not "assault with a deadly weapon."  The superior court clerk is further directed to forward a certified copy of the corrected abstract of judgment to the

Department of Corrections and Rehabilitation.  (§§ 1213, 1216.)  In all other respects,

the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

RICHLI
J.