Filed 9/25/13  P. v. Ritchie CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GLENN ELLIOTT RITCHIE,<br><br>Defendant and Appellant. | F066156<br><br>(Super. Ct. No. 12CM1125)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kings County.  Donna L. Tarter, Judge.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Wiseman, Acting P.J., Gomes, J. and Peña, J.

This is an appeal from judgment entered after appellant, Glenn Elliott Ritchie, pled guilty pursuant to a plea agreement. Ritchie contends the trial court's oral pronouncement with respect to a restitution fine (Pen. Code, § 1202.4)[1] conflicts with the minute order and abstract of judgment and therefore requires correction. We conclude the record can be harmonized to resolve the conflict and affirm.

### FACTS AND PROCEDURAL HISTORY

In December 2011, Ritchie was arrested after .17 grams of methamphetamine were found on his person. He was charged by information with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)/count 1), a felony, and with being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a)/count 2), a misdemeanor. In addition, the information alleged in count 1 that Ritchie had two serious or violent prior convictions within the meaning of sections 667, subdivisions (b) through (i), and 1170.12, subdivisions (a) through (d). It was further alleged that Ritchie served a prior prison term within the meaning of section 667.5, subdivision (b).

Ritchie was arraigned on the information, entered a plea of not guilty, and denied the enhancement allegations.

On September 14, 2012, at sentencing, the trial court discussed a plea agreement with counsel in chambers. The trial court orally pronounced its indicated sentence and advised Ritchie of the consequences of entering a plea. In doing so, the trial court told Ritchie it was going to impose a restitution fine and asked the probation officer the amount. The following exchange occurred:

> "PROBATION OFFICER []: "$1,440. That's calculated at six years, your Honor.
>
> "THE COURT: All right. The Court is going to impose a restitution fine of $1,440."

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

Following the trial court's oral pronouncement of its indicated sentence, Ritchie withdrew his not guilty plea and entered a plea of guilty to count 1 and admitted the two serious or violent prior conviction allegations. In return, the People agreed to a stipulated term of six years and dismissed count 2.

The trial court accepted Ritchie's plea and admission and sentenced him to six years on count 1 and imposed "a $140 state restitution fine pursuant to 1202.4 …."

The minute order for the September 14, 2012, hearing and the abstract of judgment reflect a restitution fine of $1,440 pursuant to section 1202.4, subdivision (b).

## DISCUSSION

Generally, when there is a conflict between the oral pronouncement of judgment and a minute order, the former controls and the latter is presumed to be the result of clerical error. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) The oral pronouncement also controls over the abstract of judgment if the two conflict. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070.) Nevertheless, the abstract of judgment, "[w]hen prepared by the court clerk, at or near the time of judgment, as part of his or her official duty," confers "a presumption of regularity and reliability." (*Id*.)

It is also the "'general rule'" that "'a record that is in conflict will be harmonized if possible. [Citation.] If it cannot be harmonized, whether one portion of the record should prevail as against contrary statements in another portion of the record will depend on the circumstances of each particular case.' [Citation.]" (*People v. Lawrence* (2009) 46 Cal.4th 186, 194, fn. 4.)

In this case, the conflict is between the trial court's indicated oral pronouncement stating it would impose a restitution fine of $1,440, and its subsequent oral pronouncement actually imposing a restitution fine of $140. The question then is which oral pronouncement controls.

We conclude this record can be harmonized to resolve the conflict. We begin with the trial court's indicated restitution fine of $1,440. The probation officer stated that it

3

was $1,440, calculated based on the number of years Ritchie was sentenced to serve. The trial court adopted that amount on the record. The clerk's transcript and the abstract of judgment reflect the same amount and cite section 1202.4, subdivision (b) as the statutory authority.

Section 1202.4, subdivision (b) provides in relevant part:

"(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record.

(1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, .… ¶

(2) In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted."

In this case, the trial court sentenced Ritchie to six years for felony possession of methamphetamine and expressly imposed the restitution fine according to section 1202.4, subdivision (b). Because section 1202.4, subdivision (b)(1) mandates the "fine shall not be less than two hundred forty dollars ($240)," and since we presume the trial court "'knows and applies the correct statutory … law'" (*People v. Thomas* (2011) 52 Cal.4th 336, 361), we presume that the trial court intended to set Ritchie's restitution fine at $1,440, and that it misspoke in expressing it as $140 or the reporter incorrectly transcribed it. The clerk's minute order and the abstract of judgment prepared close in time to the court's oral pronouncement further support our conclusion.

The People ask this court to impose a revocation restitution fine pursuant to section 1202.45, subdivision (a) in the same amount as was imposed pursuant to subdivision (b) of section 1202.4 in the event this court remands for clarification. Since we affirm the judgment, we decline to do so.

4

## DISPOSITION

The judgment is affirmed.