[No. S141282. May 29, 2008.]

THE PEOPLE, Plaintiff and Respondent, v.
JESSE JOE DELGADO, Defendant and Appellant.

**COUNSEL**

William D. Farber, under appointment by the Supreme Court, for Defendant and Appellant.

Bill Lockyer and Edmund G. Brown, Jr., Attorneys General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Robert F. Katz and Robert C. Schneider, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**BAXTER, J.**—After a jury convicted defendant of felony offenses, a court trial was held on the allegation, for purposes of enhancing his sentence, that he had a prior serious felony conviction. The statute under which defendant was previously convicted—Penal Code section 245, subdivision (a)(1) (section 245(a)(1))[1]—punishes assault committed *either* by means "likely to produce great bodily injury" (GBI), *or* by use of "a deadly weapon . . . other than a firearm." Only the latter version qualifies as a serious felony.

As sole proof of a prior serious felony conviction, the prosecution introduced a package of certified documents pertaining to the conviction, including the abstract of judgment. The abstract specified the statute violated as "[Penal Code section] 245(A)(1)" and described the crime as "Asslt w DWpn." The trial court found the prior serious felony allegation true and lengthened defendant's prison sentence accordingly. The Court of Appeal affirmed.

■ Defendant does not dispute that the abbreviated verbal notation on the abstract of judgment stands for the words "assault with a deadly weapon." The notation contains no reference to the GBI prong of section 245(a)(1). Nonetheless, defendant insists this notation was insufficient to prove his prior conviction had occurred under the deadly weapon prong of section 245(a)(1), and was thus for a serious felony. We agree with the Court of Appeal that the evidence was sufficient. We will therefore affirm the judgment of that court.

### FACTS AND PROCEDURE

On June 23, 2003, defendant shoplifted several items, including a bottle of liquor, from an Albertsons market. The store's loss prevention officer saw the incident, followed defendant outside, and attempted to stop him in the parking lot. Defendant pulled out a knife and told the officer to get away. When the officer continued to pursue, defendant threw the liquor bottle, hitting the officer.

A jury convicted defendant of count 1, second degree robbery (§§ 211, 212.5, subd. (c)), and count 2, second degree commercial burglary (§§ 459, 460, subd. (b)), as charged in the information. As to count 1, the jury found true the allegation that defendant personally used a dangerous and deadly weapon, a bottle. (§ 12022, subd. (b)(1).)

---

[1] All further unlabeled statutory references are to the Penal Code.

The information also alleged, for purposes of sentence enhancement on both counts, that defendant had suffered a prior conviction for violation of section 245(a)(1). This conviction, the information asserted, constituted a serious felony for purposes of section 667, subdivision (a)(1) (consecutive five-year enhancement for current "serious felony" when defendant has prior "serious felony" conviction), and a serious or violent felony for purposes of the "Three Strikes" law (§§ 667, subds. (d), (e), 1170.12, subds. (b), (c)). Further, the information alleged, defendant had served a prison term for this prior offense (§ 667.5, subd. (b) [one-year consecutive enhancement of current prison term for prior prison term]).

Defendant waived his right to a jury trial on the prior offense allegations, and they were tried to the court. As evidence of the prior conviction, its nature, and the prison term served, the People introduced a package of documents pertaining to the prior offense, as certified by a Department of Corrections custodian of records. (§ 969b.) The documents included a prison chronological history, an abstract of judgment, a fingerprint card, a photo of defendant, and a Federal Bureau of Investigation (FBI) form.

The abstract of judgment indicated that, on May 18, 1999, defendant had pled guilty to two felony counts. The second count—the one that concerns us here—was specified by handwritten notations in three side-by-side boxes on the form. In the leftmost box, entitled "CODE," appeared the letters "PC." In the middle box, entitled "SECTION NUMBER," appeared the notation "245(A)(1)." In the rightmost box, entitled "CRIME," appeared the notation "Asslt w DWpn." Defendant presented no evidence concerning the nature of the prior conviction.

The court found true that defendant had suffered a prior serious felony conviction for violation of section 245(a)(1), "specifically assault with a deadly weapon." The court sentenced defendant to the midterm of three years for count 1, the current robbery conviction, with a concurrent midterm of two years for count 2, the current burglary conviction. In light of the prior serious felony conviction, the current robbery conviction was deemed a second strike under the Three Strikes law, and the term for this offense was doubled accordingly. Finally, the court added a five-year consecutive enhancement for the prior serious felony conviction under section 667, subdivision (a)(1), for a total term of 11 years.

On appeal, defendant raised the single contention that there was insufficient evidence the prior conviction was for a serious felony. The Court of Appeal disagreed and affirmed the judgment. We granted review. We now conclude the Court of Appeal was correct.

## DISCUSSION

Defendant urges, as he did in the Court of Appeal, that the abbreviated notation "Asslt w DWpn" on the abstract of judgment for his prior conviction, standing alone, is insufficient to permit the inference that the conviction was for a serious felony. We review the relevant principles.

■ As noted above, the prison sentence for a current serious felony conviction is subject to a five-year consecutive enhancement if the defendant suffered a prior conviction for a serious felony. (§ 667, subd. (a)(1).)[2] A prior serious felony conviction also counts as a strike, requiring that the prison sentence for a second felony conviction be doubled. (§§ 667, subds. (d), (e)(1), 1170.12, subds. (b), (c)(1).)

■ Defendant's alleged prior serious felony conviction was for violating section 245(a)(1). That statute makes it a felony offense to "commit[] an assault upon the person of another with a deadly weapon or instrument other than a firearm *or* by any means of force likely to produce great bodily injury." (*Ibid.*, italics added.)

■ "[A]ssault with a deadly weapon" is a serious felony. (§ 1192.7, subd. (c)(31).) On the other hand, while serious felonies include all those "in which the defendant *personally inflicts* great bodily injury on any person" (*id.*, subd. (c)(8), italics added), assault merely by *means likely to produce* GBI, without the additional element of personal infliction, is not included in the list of serious felonies. Hence, as the parties acknowledge, a conviction under the deadly weapon prong of section 245(a)(1) is a serious felony, but a conviction under the GBI prong is not.

■ The People must prove each element of an alleged sentence enhancement beyond reasonable doubt. (*People v. Tenner* (1993) 6 Cal.4th 559, 566 [24 Cal.Rptr.2d 840, 862 P.2d 840] (*Tenner*).) ■ Where, as here, the mere fact that a prior conviction occurred under a specified statute does not prove the serious felony allegation, otherwise admissible evidence from the entire record of the conviction may be examined to resolve the issue. (*People v. Reed* (1996) 13 Cal.4th 217, 222–223 [52 Cal.Rptr.2d 106, 914 P.2d 184] (*Reed*); *People v. Guerrero* (1988) 44 Cal.3d 343, 355 [243 Cal.Rptr. 688, 748 P.2d 1150] (*Guerrero*); see *People v. Myers* (1993) 5 Cal.4th 1193, 1201 [22 Cal.Rptr.2d 911, 858 P.2d 301].)

---

[2] Defendant does not dispute that he was convicted of a serious felony, robbery, in the current proceeding. (§ 1192.7, subd. (c)(19).)

■ A common means of proving the fact and nature of a prior conviction is to introduce certified documents from the record of the prior court proceeding and commitment to prison, including the abstract of judgment describing the prior offense. (Pen. Code, § 969b; Evid. Code, § 1280 [hearsay exception for contemporaneous official record]; see, e.g., *People v. Prieto* (2003) 30 Cal.4th 226, 258–259 [133 Cal.Rptr.2d 18, 66 P.3d 1123] (*Prieto*); *People v. Henley* (1999) 72 Cal.App.4th 555, 559–560 [85 Cal.Rptr.2d 123] (*Henley*); *People v. Haney* (1994) 26 Cal.App.4th 472, 475 [31 Cal.Rptr.2d 547] (*Haney*).)

■ "[The] trier of fact is entitled to draw reasonable inferences from certified records offered to prove a defendant suffered a prior conviction . . . ." (*Henley, supra,* 72 Cal.App.4th 555, 561; see also *Haney, supra,* 26 Cal.App.4th 472, 475.) "[O]fficial government records clearly describing a prior conviction presumptively establish that the conviction in fact occurred, assuming those records meet the threshold requirements of admissibility. (See Evid. Code, § 664 ['It is presumed that official duty has been regularly performed'].) Some evidence must rebut this presumption before the authenticity, accuracy, or sufficiency of the prior conviction records can be called into question." (*People v. Epps* (2001) 25 Cal.4th 19, 27 [104 Cal.Rptr.2d 572, 18 P.3d 2].)

Thus, if the prosecutor presents, by such records, prima facie evidence of a prior conviction that satisfies the elements of the recidivist enhancement at issue, and if there is no contrary evidence, the fact finder, utilizing the official duty presumption, may determine that a qualifying conviction occurred. (*Prieto, supra,* 30 Cal.4th 226, 258; *Haney, supra,* 26 Cal.App.4th 472, 475–476.)

■ However, if the prior conviction was for an offense that can be committed in multiple ways, and the record of the conviction does not disclose how the offense was committed, a court must presume the conviction was for the least serious form of the offense. (*People v. Rodriguez* (1998) 17 Cal.4th 253, 262 [70 Cal.Rptr.2d 334, 949 P.2d 31] (*Rodriguez*); *Guerrero, supra,* 44 Cal.3d 343, 354–355; *People v. Watts* (2005) 131 Cal.App.4th 589, 596 [32 Cal.Rptr.3d 260]; *People v. Cortez* (1999) 73 Cal.App.4th 276, 280 [86 Cal.Rptr.2d 234]; see *People v. Jones* (1999) 75 Cal.App.4th 616, 632 [89 Cal.Rptr.2d 485] (*Jones*).) In such a case, if the statute under which the prior conviction occurred could be violated in a way that does not qualify for the alleged enhancement, the evidence is thus insufficient, and the People have failed in their burden. (*Rodriguez,* at p. 262; *Guerrero,* at pp. 354–355; *Watts,* at p. 596; *Cortez,* at p. 280; see *Jones,* at p. 632.)

On review, we examine the record in the light most favorable to the judgment to ascertain whether it is supported by substantial evidence. In other words, we determine whether a rational trier of fact could have found that the prosecution sustained its burden of proving the elements of the sentence enhancement beyond a reasonable doubt. (*Tenner, supra,* 6 Cal.4th 559, 567; *Jones, supra,* 75 Cal.App.4th 616, 631.)

Several cases have considered whether particular clerical notations on the abstracts of judgment for prior convictions under section 245(a)(1) were sufficient to support the inference that the convictions qualified as serious felonies. In *Rodriguez, supra,* 17 Cal.4th 253, the prosecution alleged a prior serious felony conviction for violation of section 245, former subdivision (a) (now § 245(a)(1)). As its sole evidence on this issue, the prosecution introduced the abstract of judgment for the prior conviction. The abstract labeled the offense as " 'ASLT GBI/DLY WPN.' " (*Rodriguez, supra,* at p. 261.) The court found the serious felony allegation true, but we reversed.

As we explained, section 245(a)(1) covers all assaults committed with a deadly weapon other than a firearm, or by means likely to produce GBI. However, at the time *Rodriguez* was decided (and when defendant Rodriguez's prior serious felony was alleged and found true), the relevant sections of the serious felony statute listed only crimes in which the defendant *personally inflicted* GBI on a person other than an accomplice, or *personally* used a firearm or a dangerous or deadly weapon. (§ 1192.7, subd. (c)(8), (23).)[3]

Thus, *Rodriguez* noted, section 245(a)(1) could be violated in ways that did not constitute serious felonies; the defendant could use force likely to produce GBI without personally inflicting it, and could be guilty as an aider and abettor of an assault with a deadly weapon without personally using such a weapon. But the abstract of judgment there at issue simply included, in abbreviated form, an accurate reflection of section 245(a)(1)'s general language. It did not indicate that the defendant had personally used a deadly weapon or had personally inflicted GBI. Thus, *Rodriguez* determined, the abstract proved only the defendant's conviction of the least adjudicated elements of a section 245(a)(1) offense and was insufficient to establish that the conviction was for a serious felony. (*Rodriguez, supra,* 17 Cal.4th 253, 261–262.)

---

[3] In 2000, the voters adopted Proposition 21, which, among other things, added subdivision (c)(31) to section 1192.7. Under this provision, all assaults with deadly weapons are serious felonies.

In *People v. Luna* (2003) 113 Cal.App.4th 395 [6 Cal.Rptr.3d 539] *(Luna)*, the abstract of judgment for the defendant's prior section 245(a)(1) conviction described the conviction as for " 'PC 245(a)(1)' " " 'ASSLT GBI W/DLY WPN.' " *(Luna, supra,* at p. 397.) A Department of Corrections fingerprint card, also introduced in evidence, similarly described the offense as " 'PC 245 (a)(1) ASSLT GBI W/DL WPN.' " *(Ibid.)* The Court of Appeal held this was sufficient evidence the defendant had been convicted of assault with a deadly weapon, a serious felony. Distinguishing *Rodriguez,* which had involved a similar abstract notation, the *Luna* court observed that the problem identified in *Rodriguez*—the absence of any indication that the defendant had *personally* used a deadly weapon or inflicted GBI, as then required for a serious felony—had since been resolved by Proposition 21, which made all assaults with deadly weapons serious felonies, regardless of personal use. *(Luna, supra,* at pp. 397–398.)

*Disagreeing* with *Luna,* the Court of Appeal in *People v. Banuelos* (2005) 130 Cal.App.4th 601 [30 Cal.Rptr.3d 315] *(Banuelos)* reached a contrary result on similar facts. There, the abstract of judgment for the prior section 245(a)(1) conviction described the offense as " 'ASSAULT GBI W/DEADLY WEAPON.' " *(Banuelos, supra,* at p. 605.) As in *Rodriguez* and *Luna,* the notation thus mentioned *both* prongs of section 245(a)(1). The Court of Appeal observed that this description could mean the defendant *violated* both prongs, and thus committed a serious felony. On the other hand, the court reasoned, the notation's reference to both prongs of the subdivision was ambiguous, and, as in *Rodriguez,* might simply constitute a shorthand description of section 245(a)(1) itself. Hence, the court concluded, the notation "[was] not substantial evidence—evidence that is 'reasonable, credible, and of solid value'—that a deadly weapon was in fact used during the commission of that offense. [Citation.]" *(Banuelos, supra,* at p. 606.)

To similar effect is *People v. Williams* (1996) 50 Cal.App.4th 1405 [58 Cal.Rptr.2d 517] *(Williams).* There, the abstract of judgment for the defendant's prior conviction recited only that he had pled guilty to "one count of assault on a peace officer in violation of section 245, [former] subdivision (b) [(see now § 245, subd. (c))]." *(Williams, supra,* at p. 1409.) Section 245, former subdivision (b) criminalized such assaults either by use of a deadly weapon or instrument, or by means likely to produce GBI. Only the deadly weapon form of the offense was a California serious felony. The Court of Appeal held that by referring only to the statutory subdivision, the abstract of judgment did not reliably indicate whether a deadly weapon had been involved. *(Williams, supra,* at p. 1412.)

Moreover, the *Williams* court concluded, a noncontemporaneous Department of Corrections fingerprint card, which designated the conviction as for " 'ADW on P/O (245(b) PC),' " (*Williams, supra*, 50 Cal.App.4th 1405, 1409) was not reliable evidence that the prior conviction involved use of a deadly weapon. "We know of no reasonable basis," said the court, "to believe that the Department of Corrections employee who made the notation had any information concerning the underlying conviction other than that revealed in the abstract of judgment." (*Id.*, at p. 1413.) Moreover, the court noted, the prosecutor at the sentencing hearing that addressed the prior conviction stated his recollection that no deadly weapon had been used in the earlier offense. (*Ibid.*)

None of these decisions precludes a finding that the evidence of a prior serious felony, as contained solely in the abstract of judgment for defendant's 1999 conviction, was sufficient here. Indeed, *Luna* found sufficient evidence of a serious felony on the basis of the abstract of judgment alone, even though the abstract made apparent reference to both prongs of section 245(a)(1). (But see discussion, *post.*) On the other hand, *Rodriguez, Banuelos*, and *Williams* do not suggest that a description included on an abstract of judgment *cannot* be credible and reliable, and thus sufficient, evidence of the factual basis upon which the prior conviction was obtained. On the contrary, those cases held only that the particular descriptions there at issue were too ambiguous to constitute substantial evidence of the precise factual nature of the prior convictions.

Here, we do not face the substantial ambiguities at issue in the prior decisions. The official abstract of judgment for defendant's prior conviction first identifies the statute under which the conviction occurred as "PC" "245(A)(1)," then separately describes the offense as "Asslt w DWpn." Defendant does not dispute that these notations stand, respectively, for "Penal Code section 245(a)(1)" and "assault with a deadly weapon."

This latter description tracks one, but only one, of the two specific, discrete, disjunctive, and easily encapsulated forms of aggravated assault set forth in section 245(a)(1). Unlike those at issue in *Rodriguez, Luna*, and *Banuelos*, the instant abstract does not mention the other specific, discrete, and disjunctive form of section 245(a)(1) violation, involving force likely to produce GBI. And unlike the abstract at issue in *Williams*, it does not simply cite the statute violated, without any reference to the underlying conduct. Any inference that this notation simply refers to the statute generally is thus sharply diminished.

 The People therefore presented prima facie evidence, in the form of a clear, presumptively reliable official record of defendant's prior conviction, that the conviction was for the serious felony of assault with a deadly weapon. Defendant produced no rebuttal evidence. Utilizing the presumption of official duty, and drawing reasonable inferences from the official record, the trial court, as a rational trier of fact, could thus properly find beyond reasonable doubt that a prior serious felony conviction had occurred.[4]

 Defendant notes correctly that the abstract of judgment is not itself the judgment of conviction, and cannot prevail over the court's oral pronouncement of judgment to the extent the two conflict. (§§ 1213, 1213.5; *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [109 Cal.Rptr.2d 303, 26 P.3d 1040]; *People v. Mesa* (1975) 14 Cal.3d 466, 471 [121 Cal.Rptr. 473, 535 P.2d 337]; *People v. Hartsell* (1973) 34 Cal.App.3d 8, 14 [109 Cal.Rptr. 627].) However, the abstract is a contemporaneous, statutorily sanctioned, officially prepared clerical *record* of the conviction and sentence. It may serve as the order committing the defendant to prison (§ 1213), and is " 'the process and authority for carrying the judgment and sentence into effect.' [Citations.]" (*In re Black* (1967) 66 Cal.2d 881, 890 [59 Cal.Rptr. 429, 428 P.2d 293].) As such, "the Legislature intended [it] to [accurately] summarize the judgment." (*Mitchell, supra,* at p. 186, citing with approval *People v. Hong* (1998) 64 Cal.App.4th 1071, 1080 [76 Cal.Rptr.2d 23].) When prepared by the court clerk, at or near the time of judgment, as part of his or her official duty, it is cloaked with a presumption of regularity and reliability. (Evid. Code, §§ 660, 664; see *id.,* § 1280.)

Defendant raises no basis for a conclusion that a contemporaneous, officially prepared abstract of judgment that clearly describes the nature of the prior conviction should not, in the absence of rebuttal evidence, be presumed

---

[4] Because the dispositive facts of this case differ materially from those of *Luna* and *Banuelos,* we are not directly called upon to resolve any conflict between those decisions. We note, however, that *Luna*'s attempt to distinguish our *Rodriguez* decision is unpersuasive. In both *Rodriguez* and *Luna,* as in *Banuelos,* the notations on the abstracts of judgment referred to *both* the deadly weapon and GBI prongs of section 245(a)(1) in a manner that left unclear whether one, the other, or both, of the statutory forms of offense underlay the conviction. To find that the abstract there at issue showed a serious felony, *Luna* relied on the provision of Proposition 21 which, after our *Rodriguez* decision, made serious felonies of all assaults with deadly weapons, not just those in which the defendant personally used a deadly weapon. But Proposition 21 made no change that renders conviction under the GBI prong of section 245(a)(1) a serious felony. As in *Rodriguez,* a defendant can violate this prong, by using force likely to inflict GBI, without committing the serious felony of personally inflicting GBI. Any implication in *Luna* that section 245(a)(1) now states serious felonies in both its prongs, or that an abstract of judgment that contains ambiguous references to both prongs of the statute can nonetheless be sufficient evidence of a serious felony, is therefore incorrect, and *Luna* will be disapproved to that extent.

reliable and accurate. Nor has he presented any evidence to rebut the presumption of accuracy and reliability in this case.

Defendant does suggest the notation in this case, like those in *Rodriguez* and *Banuelos*, may simply be a clerk's shorthand nickname for section 245(a)(1) *in general*. Thus, he urges, no significance can attach to the particular words included or omitted. He stresses that, when the instant abstract was prepared in 1999, there was no penal reason to identify which specific prong of section 245(a)(1) had been violated, for it was not until the year 2000 that the statutory scheme was amended to include all assaults with a deadly weapon, and thus all acts violating the deadly weapon prong of section 245(a)(1), as serious felonies. Hence, he urges, we cannot assume that the clerk who prepared the 1999 abstract attached any importance to the form of notation used to describe defendant's conviction.

We disagree. Whatever the penal significance of the abstract's description, the trial court was entitled to infer that it had been accurately prepared. Where, as here, the abstract first identified the statute by section number, then separately and clearly described only one of the two means by which the statute can be violated, the court was not required to assume the descriptive language was mere surplusage. Absent any rebuttal evidence, the court could reasonably infer that the words were there for a reason, that they meant what they said, and that they accurately set forth the form of violation for which the defendant was convicted.[5]

Defendant also insinuates, for the first time on appeal, that the abstract of judgment might be inadmissible hearsay. As an out-of-court declaration, admitted for the truth of the information contained therein, the abstract is hearsay, but it is nonetheless presumptively admissible for its truth, as a report of the conviction it summarizes, under various exceptions to the hearsay rule. (Pen. Code, § 969b [certified copy of defendant's prison records are admissible prima facie evidence of defendant's conviction and service of prison term]; Evid. Code, § 1280 [public employee's official, contemporaneous, trustworthy written record of act, condition, or event admissible as

---

[5] We have said that the prosecution may not go beyond the record of the prior conviction itself when, in a later proceeding, it seeks to prove the fact and nature of that conviction for purposes of enhancing a sentence. (E.g., *Reed, supra,* 13 Cal.4th 217, 222–223; *Guerrero, supra,* 44 Cal.3d 343, 355–356.) We need not and do not decide here whether defendant might have greater latitude in rebutting the prosecution's evidence. (See *Reed, supra,* at p. 229 [stating a similar disclaimer].) We note, however, that the prior record itself will often offer ample means of showing, if it be true, that the conviction was not for the conduct indicated by the prosecution's evidence. Such evidence might include the charging documents, the preliminary hearing or trial transcripts (see *Reed, supra,* at pp. 223–229), and the transcript of any hearing on a negotiated plea (see § 1192.5).

exception to hearsay rule]; see *People v. Wheeler* (1992) 4 Cal.4th 284, 300, fn. 13 [14 Cal.Rptr.2d 418, 841 P.2d 938].)[6]

Defendant points to an untitled and unidentified FBI document also introduced in evidence, which describes the conviction with the notation "FORCE/ADW NOT FIREARM: GBI." Like the Court of Appeal, we conclude this document does not render insufficient the evidence of a prior serious felony. The FBI document's origin and purpose are unclear. There is no indication it was prepared as a reliable, contemporaneous official record of the nature of defendant's conviction. Insofar as it conflicts with the abstract of judgment—prepared by a superior court clerk as an official, contemporaneous record of the judgment—the trial court was entitled to rely on the abstract.

Therefore, we hold sufficient evidence supported the trial court's finding that defendant's prior conviction was for a serious felony. On this basis, the Court of Appeal correctly affirmed the enhanced sentence imposed upon defendant for his current felony convictions.

We stress that confusion in future cases can be avoided if judgment records are prepared with utmost care and sensitivity to their possible relevance in later criminal proceedings. When a defendant is convicted under a statute, such as section 245(a)(1), that covers in the alternative two slightly different offenses, only one of which is defined as a serious felony, and the issue whether the conviction was for the serious or the nonserious form may thus have substantial penal consequences if the defendant suffers a subsequent felony conviction, it is necessary that the abstract of judgment specify, with scrupulous accuracy, the crime of which the defendant was actually charged and convicted.

Moreover, we note, an accusatory pleading may specify that a charged offense involves facts making the offense a serious felony. The serious felony issue will then be tried unless the defendant separately admits it as part of a guilty plea. (§ 969f.) By this means as well, the serious felony nature of the offense will become an explicit part of the record of conviction, leaving no room for confusion if and when the issue becomes relevant to the sentence for a subsequent felony. We encourage the use of this procedure wherever it is deemed appropriate.

---

[6] Even if no hearsay exception existed, we have held that the trier of fact may look to an official record from the prior case for the *nonhearsay* purpose of determining whether the defendant *was convicted* of an offense that qualifies as a serious felony. (*People v. Woodell* (1998) 17 Cal.4th 448, 459 [71 Cal.Rptr.2d 241, 950 P.2d 85].)

## CONCLUSION

The judgment of the Court of Appeal is affirmed. *People v. Luna, supra,* 113 Cal.App.4th 395, is disapproved to the extent it conflicts with the views expressed in this opinion.

George, C. J., Kennard, J., Werdegar, J., Chin, J., Moreno, J., and Corrigan, J., concurred.