Filed 5/20/13  P. v. Woods CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>TINA MARIE WOODS,<br><br>      Defendant and Appellant. | C072025<br><br>(Super. Ct. No. CRF12896) |

Defendant Tina Marie Woods pleaded no contest to second degree burglary and possessing methamphetamine.  The abstract of judgment reflects a drug program fee, plus assessments, totaling $600.

On appeal, defendant asks that we order the abstract of judgment corrected to accurately reflect the sentence pronounced by the court.  The People oppose the request and seek remand.  We shall order correction of the abstract of judgment.

**BACKGROUND**

Defendant entered an auto parts store with the intent to commit theft and possessed methamphetamine.  She entered a negotiated plea of no contest to charges of

1

second degree burglary and possession of methamphetamine, and admitted a prior conviction.

The presentence probation report did not recommend that the trial court order a drug program fee, and the trial court did not orally impose such a fee at sentencing. The abstract of judgment, however, contains a $150 drug program fee (Health & Saf. Code, § 11372.7) and its attendant penalties, assessments and surcharges, which total $600.

## DISCUSSION

Where the abstract of judgment differs from the court's oral pronouncements, the oral pronouncement of judgment controls. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070; *People v. Mitchell* (2001) 26 Cal.4th 181, 185 (*Mitchell*).) "The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order [or] the abstract of judgment. [Citation.]" (*People v. Zackery* (2007) 147 Cal.App.4th 380, 387-388.)

Errors in the abstract of judgment may be corrected by this court on appeal. (*Mitchell, supra*, 26 Cal.4th at p. 185; *People v. Garcia* (2008) 162 Cal.App.4th 18, 24, fn. 1.) Accordingly, we shall order the abstract of judgment corrected to delete all references to the $150 drug program fee.

Although the People seek remand, because imposition of the drug program fee is based on defendant's ability to pay (Health & Saf. Code, § 11372.7, subd. (b)), on a silent record, as here, we presume the trial court found defendant did not have the ability to pay the fee. (*People v. Sharret* (2011) 191 Cal.App.4th 859, 864.)

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment deleting the Health and Safety Code section 11372.7 drug program fee and each of its attendant assessments, fees and surcharges, and to forward a certified

copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

                                                             _____DUARTE_____, J.

We concur:

_____BLEASE_____, Acting P. J.

_____MURRAY_____, J.