Filed 10/28/13  P. v. Hamilton CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JAMES CARL HAMILTON,<br><br>  Defendant and Appellant. | B244095<br><br>(Los Angeles County<br>Super. Ct. No. MA055241)<br><br>ORDER MODIFYING OPINION;<br>NO CHANGE IN JUDGMENT |

THE COURT:

On October 23, 2013, James Carl Hamilton filed a document entitled "Notice Of Motion & Motion For Reconsideration" explaining he had attempted to file a supplemental brief in response to this court's notice of May 30, 2013, but inadvertently served it on the Attorney General without filing it here.  We granted Hamilton permission to file his supplemental brief, which we deem a petition for rehearing.

It is ordered the opinion filed herein on September 30, 2013, and not certified for publication, be modified as follows:

On page 2, following the first paragraph, add as the second paragraph: "When the case was called for trial, defense counsel moved for a continuance, arguing he needed more time to review discovery belatedly provided by the People, which gave rise to a potential

defense of third-party culpability.  The master calendar court denied the motion as untimely, but advised defense counsel he could renew his motion for a continuance if the trial court found the discovery concerned admissible evidence of third-party culpability.  The parties agreed.  The case was assigned to a trial court, where an Evidence Code section 402 hearing was conducted on the admissibility of the proffered third-party culpability evidence.  Following the hearing, the court excluded the evidence."

On page 2, line 1 of the second paragraph, delete the sentence "In a bifurcated proceeding, the trial court found the special allegations true" and substitute the following: "In a bifurcated proceeding, the People introduced certified prison packets to support the prior conviction allegations, including a 1999 conviction for assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), which was alleged as a prior strike conviction and in which Hamilton had admitted an arming enhancement under Penal Code section 12022 (Case No. YA04158).  At the conclusion of the hearing, the court found the special allegations true."

On page 2, line 4 of the fifth paragraph, delete the sentence "No response has been received to date" and substitute the following: "In a supplemental brief filed after the opinion was filed but accepted by this court as a petition for rehearing, Hamilton claimed his due process rights were violated by the court's refusal to grant defense counsel's motion to continue the trial, his case was improperly severed from that of his codefendant (Marquis Leon Ripetoe) and documentary evidence was insufficient to support the court's finding he suffered a prior strike conviction in 1999 of assault with a deadly weapon."

On page 3, following the paragraph ending with "*People v. Wende* (1979) 25 Cal.3d 436, 441)" insert the following paragraph: "The denial of the motion to continue was neither an abuse of discretion nor a denial of Hamilton's constitutional rights.  Because nothing in the record indicates the issue of severance was raised in the trial court, Hamilton has forfeited the issue on appeal.  (See *People v. Ramirez* (2006) 39 Cal.4th 398; 438.)  The certified documents upon which the trial court relied, including the abstract of judgment describing the aggravated assault and the arming enhancement, were sufficient evidence to support the allegation his prior conviction was for assault with a deadly weapon within the

2

meaning of Penal Code section 245, subdivision (a)(1). (Pen. Code, § 969b; see *People v. Delgado* (2008) 43 Cal.4th 1059, 1065-1066.)"

Hamilton's petition for rehearing is denied. The foregoing does not change the judgment.

 

**PERLUSS, P. J.**          **WOODS, J.**          **ZELON, J.**

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE, | B244095 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA055241) |
| v. | |
| JAMES CARL HAMILTON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kathleen Blanchard, Judge.  Affirmed.

Thomas K. Macomber, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

After James Carl Hamilton removed equipment from a slaughter house to sell to a recycling center, he was arrested and charged in an information with one count of second degree burglary (Pen. Code, § 459) with special allegations he had suffered one prior serious or violent felony conviction for aggravated assault within the meaning of the three strikes law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d))[1] and had served three separate prison terms for felonies. (Pen. Code, § 667.5, subd. (b).) Represented by counsel, Hamilton pleaded not guilty to the charge and denied the special allegations.

Following a jury trial, Hamilton was found guilty as charged. In a bifurcated proceeding, the trial court found the special allegations true.

At the sentencing hearing, the trial court heard and denied Hamilton's motion to dismiss his prior strike convictions (*People v. Superior Court* (*Romero*) (1966) 13 Cal.4th 497; Pen. Code, § 1385) and sentenced Hamilton to an aggregate state prison term of seven years, consisting of four years for second degree burglary (the middle term doubled under the three strikes law) plus three years for the prior prison term enhancements.

The trial court awarded Hamilton 444 days of presentence custody credits (222 actual days and 222 days of conduct credits). The court ordered Hamilton to pay a $40 court security fee, and a $30 criminal conviction assessment and a $1,500 restitution fine. The court imposed and suspended a parole revocation fine pursuant to Penal Code section 1202.45.

We appointed counsel to represent Hamilton on appeal. After an examination of the record, counsel filed an opening brief in which no issues were raised. On May 30, 2013, we advised Hamilton he had 30 days in which to personally submit any contentions or issues he wished us to consider. No response has been received to date.

We have examined the record and are satisfied Hamilton's attorney has fully complied with the responsibilities of counsel and no arguable issue exists. (*Smith v.*

---

[1] The information originally alleged three prior strike convictions against Hamilton, however, two were dismissed on the People's motion.

*Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

**WOODS, J.**

**We concur:**

**PERLUSS, P. J.**

**ZELON, J.**