Filed 4/30/14  P. v. Reed CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058783 |
| v. | (Super.Ct.No. BAF1200704) |
| WESLEY GARRETTE REED, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Irma Poole Asberry, Judge.  Affirmed.

Melanie K. Dorian, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

In this appeal, brought pursuant to the procedures established in *People v. Wende* (1979) 25 Cal.3d 436, defendant and appellant Wesley Garrette Reed appeals from his conviction on four counts of commercial burglary. Finding no error, we will affirm the judgment.

PROCEDURAL HISTORY

In an information filed December 19, 2012, the prosecution charged defendant with four counts of commercial burglary (Pen. Code,[1] § 459), and alleged a prior strike offense (§§ 667, subds. (c), (e)(1), 1170.12, subd. (c)(1)) based on a 2003 conviction for assault with a deadly weapon (§ 245, subd. (a)(1)).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On February 21, 2013, a jury convicted defendant on all counts. In a bifurcated court trial, defendant admitted that he committed the prior offense, but contended that it did not qualify as a prior serious felony. The court found that the prior conviction qualified as a prior strike offense.[2]

Following the denial of defendant's motion to dismiss the prior strike in the interest of justice, the court sentenced defendant to eight years in state prison. The court imposed the middle term in count 1 and imposed consecutive terms on counts 2 through 4, all doubled.

Defendant filed a timely notice of appeal.

---

[2] Defendant argued that the record was insufficient to establish that the prior conviction, for violation of section 245, subdivision (a)(1), was a serious or violent felony conviction. The information in the prior case alleged that defendant committed assault "with a deadly weapon other than a firearm, to wit: a KNIFE, and by means of force likely to produce great bodily injury." Assault with personal use of a deadly weapon is a serious felony; assault by means of force likely to cause great bodily injury is not. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1063, 1065.) Consequently, a record which merely shows that the defendant was convicted of violating section 245, subdivision (a), is insufficient to prove a prior serious felony allegation. (*Delgado*, at p. 1066.) In defendant's prior case, he entered a guilty plea and admitted that he "did willfully and unlawfully commit an assault . . . with a deadly weapon other than a firearm, to wit, a knife, by means of force likely to create great bodily injury." This admission is sufficient to establish that the assault was committed with the use of a knife and is therefore substantial evidence sufficient to support the true finding on the prior serious felony allegation.

FACTS

Defendant was charged with commercial burglaries committed in July, August and October 2012, at Walmart stores in Beaumont, La Quinta and Moreno Valley. The surveillance videos from each store showed a Caucasian man, later identified as defendant, acting in concert with one or more other men to steal electronic items, including iPads, iPods, tablets, and laptops.

Officer Lunt of the Beaumont Police Department, who investigated the burglaries, was able to identify defendant as a suspect. During a search of defendant's home, which he shared with several other people, officers found four barrel keys and a universal barrel key. The universal barrel key could open locks such as those used to lock the glass cabinets at the Walmart stores, from which the electronics were stolen. In three of the four charged incidents, the cabinet locks had been forced. However, in the La Quinta incident and in an uncharged incident at the Redlands Walmart, the cabinet lock had been opened using a key. Defendant was also identified as one of the perpetrators in the Redlands incident.

When police obtained a search warrant and searched defendant's house, they found a number of electronic items. None of them matched any of the stolen items. Lunt opined that the items in the residence were stolen, based on the quantities and the fact that several items were new and still in their boxes, but defendant did not have receipts for them.

After his arrest, defendant was shown a picture of a Hispanic man who appeared on the store surveillance tapes opening the locked cabinets. Defendant said the man looked like "Joel." He said that he and Joel were "road dogs," meaning that they went everywhere together.[3] Defendant also admitted that he had been caught stealing batteries at a Walmart in Hemet, although he did not say when that occurred

## DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. We offered defendant the opportunity to file any supplemental brief he deemed necessary, but he has not done so.

We have examined the entire record and have found no error. We are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

---

[3] Joel Padilla was also charged with three of the burglaries. He was not tried with defendant. He pleaded guilty to three counts of commercial burglary after defendant's trial.

5

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

HOLLENHORST
Acting P. J.

KING
J.

6