Filed 9/8/20  P. v. Gilkey CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>ANTHONY BRYAN GILKEY,<br><br>    Defendant and Appellant. | F079008<br><br>(Super. Ct. No. F18903518)<br><br>**OPINION** |

-ooOoo-

## THE COURT\*

APPEAL from a judgment of the Superior Court of Fresno County.  Gary D. Hoff, Judge.

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Detjen, Acting P.J., Franson, J. and Meehan, J.

Defendant Anthony Bryan Gilkey contends on appeal that his five one-year prior prison term enhancements, imposed based on his prior felony convictions for nonsexually violent offenses, should be stricken pursuant to Penal Code section 667.5, subdivision (b),[1] as amended by Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136). The People concede the enhancements should be stricken. The parties also agree that we should correct an error in the abstract of judgment. We strike the prior prison term enhancements, order the error corrected, and affirm in all other respects.

## PROCEDURAL SUMMARY

On August 23, 2018,[2] the Fresno County District Attorney charged defendant with three counts of inflicting corporal injury on a spouse or cohabitant (§ 273.5, subd. (f)(1); counts 1, 3 & 5), three counts of failing to obey a protective order (§ 166, subd. (c)(1); counts 2, 4 & 7), and one count of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4); count 6). As to all counts, the information alleged defendant had suffered a prior felony "strike" conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)), had suffered a prior serious felony conviction (§ 667, subd. (a)), and had served five prior prison terms (§ 667.5, subd. (b)). As to counts 1, 3, and 5, it was alleged that defendant had previously been convicted of infliction of corporal injury on a spouse or cohabitant (§ 273.5, subd. (f)(1)). As to count 5, it was further alleged that defendant personally inflicted great bodily injury (§ 12022.7, subd. (e)).

On October 18, the trial court dismissed count 4 on the district attorney's motion.

On October 19, the jury found defendant guilty on counts 1, 2, 3, 5, 6, and 7. The jury also found true the great bodily injury allegation on count 5 and the prior conviction of infliction of corporal injury on a spouse or cohabitant allegations on counts 1, 3, and 5.

---

**1**      All further statutory references are to the Penal Code unless otherwise stated.

**2**      All further dates refer to the year 2018 unless otherwise stated.

2

On the same date, defendant admitted the prior strike conviction allegation, the prior serious felony conviction allegation, and all five prior prison term allegations.[3]

On February 8, 2019, defendant raised a *Romero*[4] motion, requesting that the trial court dismiss the prior strike conviction allegation for purposes of the Three Strikes law. Defendant also requested that the court not impose the prior serious felony enhancement (§ 667, subd. (a)).

On March 7, 2019, the trial court declined both requests. On the same date, the court sentenced defendant to an aggregate 27-year-eight-month term of imprisonment as follows: on count 5, the aggravated term of five years, doubled to 10 years due to the prior strike conviction, plus a five-year great bodily injury enhancement, a five-year prior serious felony conviction enhancement, and five one-year prior prison term enhancements; on count 1, a consecutive term of 32 months based on the middle term of four years, doubled due to the prior strike conviction, and reduced to one-third;[5] on count 3, a concurrent term of 10 years based on the aggravated term of five years, doubled due to the prior strike conviction; on count 6, a concurrent term of eight years based on the aggravated term of four years, doubled due to the prior strike conviction; on both counts 2 and 7, a concurrent term of 332 days with credit for time served.

On March 21, 2019, defendant filed a notice of appeal.

---

[3] The prior prison terms were served for convictions of unlawful sexual intercourse with a minor (§ 261.5, subd. (c)), false imprisonment (§ 236), inflicting corporal injury on a spouse or cohabitant (§ 273.5, subd. (a)), and possession of a controlled substance (Health & Saf. Code, § 11350).

[4] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

[5] The abstract of judgment erroneously reflects a term of eight years on count 1, rather than 32 months. The parties agree the abstract is erroneous, as do we. When a discrepancy exists between the court's oral pronouncement of sentence and the abstract of judgment, the oral pronouncement controls. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070.) We will therefore direct the trial court to correct the error.

3

# FACTUAL SUMMARY

Defendant had been in a dating relationship with the victim for six years. In May, he was living at her apartment, although she had a protective order against him at that time.

On May 20, defendant and the victim argued. Defendant hit her on the mouth with his hand, causing swelling and bruising, and punched her on the side of her body. When she told defendant she was going to call 911, he left the apartment. After he left, she called 911 and an officer responded to her apartment.

On May 21 or 22, defendant and the victim argued again, and defendant hit her on the ribs, causing bruising. She did not call 911.

On May 23, the victim returned home with her grandson. Defendant and the victim argued again. While she was seated on an ottoman in her bedroom and was holding her grandson, defendant grabbed her by the chin and forced her head to strike a wall "[p]retty hard." She left the room and bathed her grandson. When she returned to her bedroom, still holding her grandson, defendant grabbed her by the throat, forced her against a wall, and choked her until she "s[aw] stars." As defendant reached out to grab her throat, he hit her on the mouth. The impact caused a dental appliance in her mouth to dislodge, knocked out one of her teeth, and cut her lip. Defendant released her and told her she could not leave the bedroom. After about five or 10 minutes, defendant left the room and the victim called 911. An officer responded to the victim's apartment, but defendant had left by the time the officer arrived.

On May 23, officers arrested defendant.

# DISCUSSION

Defendant argues his five prior prison term enhancements must be stricken based on the retroactive application of Senate Bill 136. The People agree, as do we.

4

Effective January 1, 2020, Senate Bill 136 amended section 667.5, subdivision (b) to limit application of prior prison term enhancements to only prior prison terms that were served for sexually violent offenses as defined by Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b).) (Stats. 2019, ch. 590, § 1.) That amendment applies retroactively to all cases not yet final on Senate Bill 136's effective date. (*People v. Lopez* (2019) 42 Cal.App.5th 337, 341–342, citing *In re Estrada* (1965) 63 Cal.2d 740, 742.)

Here, the trial court imposed five one-year section 667.5, subdivision (b) prior prison term enhancements for terms served for convictions of unlawful sexual intercourse with a minor, false imprisonment, inflicting corporal injury on a spouse or cohabitant, and possession of a controlled substance, none of which is a sexually violent offense as defined in Welfare and Institutions Code section 6600, subdivision (b). On January 1, 2020, defendant's case was not yet final. Therefore, as the parties agree, defendant is entitled to the ameliorative benefit of Senate Bill 136's amendment to section 667.5, subdivision (b).

The parties further agree, as do we, that because the trial court imposed the maximum possible sentence, remand for the court to consider alternative sentencing options is unnecessary. (*People v. Lopez*, *supra*, 42 Cal.App.5th at p. 342.)

Accordingly, we strike the five prior prison term enhancements and direct the trial court to amend the abstract of judgment.

## DISPOSITION

All five prior prison term enhancements (§ 667.5, subd. (b)) are stricken. The trial court is directed to prepare an amended abstract of judgment removing the prior prison term enhancements and correcting the term imposed on count 1, which should reflect a consecutive one-third middle term of two years eight months. The court shall forward a

5

copy of the amended abstract of judgment to the appropriate entities.  As so modified, the judgment is affirmed.