Filed 10/29/24  P. v. Turner CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D082925 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD277197-02) |
| DARON DAVON TURNER, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Lisa R. Rodriguez, Judge.  Affirmed with directions.

James D. Decker, Griffin R. Schindler, Chris Jones, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Robin Urbanski, Paige B. Hazard, Minh U. Le and Joseph Anagnos, Deputy Attorneys General for Plaintiff and Respondent.

This case contemplates whether Penal Code[1] section 1172.75 mandates resentencing when the defendant pleaded guilty to two former section 667.5, subdivision (b), prison prior enhancements but the sentencing court struck those prison priors. After a motion for resentencing, the trial court concluded that the defendant, Daron Davon Turner, was not entitled to resentencing. We agree and affirm with directions.

FACTUAL AND PROCEDURAL BACKGROUND

In December 2018, Turner pleaded guilty to 11 counts of first degree burglary. (§§ 459 & 460.) He additionally admitted two prison priors (former § 667.5, subd. (b) & § 668), a serious felony prior (§§ 667, subd. (a)(1), 668 & 1192.7, subd. (c)), and two strike priors (§§ 667(b)-(i), 1170.12, & 668). Consistent with the plea agreement, the trial court sentenced him to a total term of 39 years eight months, consisting of eight years on count one (the middle term doubled for the strike); consecutive terms of two years eight months (one third of the middle term, doubled for the strike) for each of the remaining 10 counts; and five years for the serious felony prior. At the sentencing hearing, the court stated, "I'm going to strike the prison priors, however, based on the court's sentence of 39 years . . . 8 months." The felony abstract of judgment lists a section 667.5, subdivision (b), enhancement with "PS" (punishment struck) in the space for "time imposed." The abstract of judgment contains instructions not to include fully stricken enhancements.

In June 2022, the California Department of Corrections and Rehabilitation (CDCR) identified Turner as an individual possibly serving a now legally invalid section 667.5, subdivision (b) enhancement after the enactment of Senate Bill No. 483. Through appointed counsel, Turner filed a request for resentencing under section 1172.75. Following briefing and a

---

[1]     Undesignated statutory references are to the Penal Code.

hearing, the trial court concluded that Turner was ineligible for resentencing because he was not serving an additional term of imprisonment for that enhancement. The court noted that: "An enhancement in sentencing per California Rule of Court 4.405(5) means an additional term of imprisonment added to the base term." The court concluded the sentencing court imposed an unauthorized sentence because it had no authority to strike the punishment for an enhancement.

## DISCUSSION

When Turner was sentenced, section 667.5, subdivision (b), required the court to "impose a one-year term for each prior separate prison term served for any felony" when the prior prison term was "charged and admitted or found true in the action for the new offense." (Former § 667.5, subds. (b) & (d), as amended by Assem. Bill No. 11; Stats. 1997, ch. 504 § 2.)

The Legislature amended section 667.5, subdivision (b), effective January 1, 2020, to impose a one-year enhancement only for a prison term served for conviction of a sexually violent offense, rather than for any felony. (Senate Bill No. 136 (2018-2019 Reg. Sess.) eff. Jan. 1, 2020; Stats. 2019, ch. 590, § 1.) That amendment was given retroactive effect on January 1, 2022, by Senate Bill No. 483 (Stats. 2021, ch. 728, § 3), which added then-section 1171.1 (since renumbered as section 1172.75). Section 1172.75, subdivision (a), invalidates "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5," except for sexually violent offenses.

"If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).) The validity of the

3

prison prior enhancement and eligibility for resentencing thus turns on whether the judgment contains an enhancement that was *imposed*.

We review de novo the question of whether section 1172.75 entitles Turner to resentencing. (*People v. Christianson* (2023) 97 Cal.App.5th 300, 308 (*Christianson*), citing *People v. Lewis* (2021) 11 Cal.5th 952, 961.)

Turner's argument is premised on the abstract of judgment including a prison prior enhancement with punishment stricken. However, the sentencing court stated that the *prison priors* were stricken, not that *punishment* for the prison priors was stricken. Even though the abstract of judgment lists a section 667.5, subdivision (b), enhancement with punishment struck, "the abstract of judgment is not itself the judgment of conviction, and cannot prevail over the court's oral pronouncement of judgment to the extent the two conflict." (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070 (*Delgado*); *People v. Burke* (2023) 89 Cal.App.5th 237, 244 ["where there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the oral pronouncement controls"].)

Turner contends the sentencing court's oral pronouncement, "I'm going to strike the prison priors," is ambiguous, and the ambiguity is resolved by the abstract of judgment. We disagree that any ambiguity exists. We decline to read additional words into the clear oral pronouncement to create an ambiguity in order circumvent the rule that the oral pronouncement controls. Including the section 667.5, subdivision (b), enhancement when it was stricken by the court, where the judgment instructs stricken enhancements not to be included, appears to be a clerical error. Accordingly, we order the trial court to correct the abstract of judgment to reflect the pronouncements of the sentencing court. Because the sentencing court struck the prison priors, no enhancement described by section 1172.75, subdivision (a), was

4

imposed. The trial court properly concluded Turner was ineligible for resentencing under section 1172.75.

The circumstances and issue in this case differ from those in *Christianson*, *supra*, 97 Cal.App.5th 300. There, the question was whether resentencing is proper when an enhancement was *imposed* and stayed, or when a defendant is entitled to resentencing only when the enhancement was *imposed* and executed. (*Id*. at pp. 311-312.) There was no dispute that an enhancement was imposed. Here, to the contrary, the prison priors were not imposed because they were stricken by the sentencing court.

Turner also argues that *Christianson, supra,* 97 Cal.App.5th 300 establishes that the abstract of judgment determines eligibility for resentencing under section 1172.75. Although *Christianson* referred to the abstract of judgment, there was no suggestion in that case that the oral pronouncement conflicted with the abstract of judgment, and thus there could not have been any determination that the abstract of judgment determines eligibility for resentencing under section 1172.75 even when there was a clerical error in memorializing the oral pronouncement. (See *Delgado, supra*, 43 Cal.4th at p. 1070 ["the abstract is a . . . *record* of the conviction and sentence . . . . '[T]he Legislature intended [it] to [accurately] summarize the judgment' "].)

Finally, Turner suggests the abstract of judgment cannot merely be administratively corrected, citing *People v. Saldana* (2023) 97 Cal.App.5th 1270, 1275 (*Saldana*), review granted March 12, 2024, S283547 and *Christianson, supra*, 97 Cal.App.5th at p. 317. In those cases, the trial courts had imposed but stayed the prison prior enhancements; on review, the appellate courts determined that, even if the sentence was unauthorized because the trial court could only impose or strike the enhancement, the

5

defendant was entitled to a full resentencing rather than merely having the potentially unauthorized enhancement stricken. (*Saldana*, at p. 1275; *Christianson*, at p. 317.) The *Christianson* court reasoned: "In both instances, the presence of the enhancement was one component considered by the sentencing court in pronouncing the overall sentence." (*Christianson*, at p. 315.) Thus, the trial court could not circumvent section 1172.75's mandated resentencing by administratively striking the stayed enhancements.

In this case, however, the sentencing court orally struck rather than imposed the section 667.5, subdivision (b), prison priors, but they were mistakenly included in the abstract of judgment. This clerical error is unlike the potentially unauthorized sentence enhancements imposed in *Christianson, supra,* 97 Cal.App.5th 300 and *Saldana, supra,* 97 Cal.App.5th 1270, review granted. Here, there exists no sentence enhancement to strike; the abstract of judgment simply requires an administrative correction reflect the court's oral sentencing pronouncement. Correcting this clerical error does not entitle Turner to resentencing.

In sum, the trial court properly determined that Turner is ineligible for resentencing under section 1172.75.

## DISPOSITION

The judgment is affirmed.  The trial court is directed to correct the abstract of judgment to remove the section 667.5, subdivision (b), enhancement stricken by the sentencing court.  The trial court is further directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

O'ROURKE, J.

WE CONCUR:

HUFFMAN, Acting P. J.

IRION, J.

7