Filed 1/27/25  P. v. Sims CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G063752 |
| v. | (Super. Ct. No. 18NF0733) |
| SARAH MARIE SIMS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Jonathan S. Fish, Judge. Reversed and remanded with directions.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette

C. Cavalier and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

                    *        *        *

THE COURT:[*]

Defendant Sarah Marie Sims appeals the trial court's denial of her request to recall her sentence and resentence her, pursuant to Penal Code section 1172.75.[1] We conclude defendant is entitled to a resentencing hearing and therefore reverse the postjudgment order and remand to the trial court with directions.

## PROCEDURAL HISTORY

In 2018, a jury convicted defendant of arson of an inhabited structure (§ 451, subd. (b); count 1); unlawful driving or taking of a vehicle (Veh. Code § 10851, subd. (a); count 2); and misdemeanor possession of narcotics paraphernalia (Health & Saf. Code § 11364, subd. (a)(5); count 4). The jury found true the allegation that defendant used an accelerant as to count 1. Defendant admitted she had one prior serious felony conviction (§ 667, subd. (a)(1)); one prior strike conviction (*Id*, subds. (d), (e)(1)(A)); and had served two prior prison terms (*Id*., subd. (b)).

After reducing count 2 to a misdemeanor, the court sentenced defendant to 19 years in state prison, consisting of 10 years on count 1, a consecutive four-year term for the accelerant enhancement, concurrent jail terms for the two misdemeanors, a consecutive five-year term for the prior serious felony conviction, and concurrent terms for the two prison priors.

---

    *  Before O'Leary, P. J., Moore, J., Sanchez, J.

    [1] All further statutory references are to the Penal Code unless otherwise stated.

2

In 2023, defendant filed a petition for recall of sentence pursuant to section 1172.75 which provides, "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense . . . is legally invalid."

The trial court declined to recall defendant's sentence on the ground that the prior prison term enhancements were "either stayed or stricken at time of sentencing." The court relied on the reasoning in *People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted February 21, 2024, S283169 (*Rhodius*), which held that enhancements which are stayed or stricken are not entitled to resentencing under section 1172.75. (*Rhodius,* at p. 42.)

## DISCUSSION

## I.

### ENTITLEMENT TO RESENTENCING HEARING

Defendant, citing the minute order and abstract of judgment, which provide that the two section 667.5 enhancements were stayed, argues she is entitled to a resentencing hearing based upon *People v. Christianson* (2023) 97 Cal.App.5th 300, 305, review granted February 21, 2024, S283189, which interpreted section 1172.75 to apply to stayed enhancements. We agree defendant is entitled to a resentencing hearing but not because the enhancements were stayed. Rather, defendant is entitled to a resentencing hearing because, as discussed below, the trial court imposed the enhancements to run concurrently.

*A.* *There Is a Discrepancy Between the Trial Court's Oral Pronouncement of Sentence and the Minute Order and Abstract of Judgment*

"When there is a discrepancy between the record of the court's oral pronouncement of judgment and the clerk's minute order, the oral pronouncement controls." (*People v. Hartley* (2016) 248 Cal.App.4th 620, 637.) Similarly, an abstract of judgment "cannot prevail over the court's oral pronouncement of judgment to the extent the two conflict." (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070.)

Although the minute order and clerk's transcript indicate the sentence on the two section 667.5 enhancements was stayed, the trial court's oral pronouncement of sentence was that the enhancements would run concurrently with defendant's primary prison term.[2] Accordingly, the trial court's oral pronouncement controls our analysis.

*B.* *Defendant Is Entitled to a Resentencing Hearing*

The plain language of section 1172.75, subdivision (c) entitles defendant to a resentencing hearing: "If the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." Here, the trial court imposed two concurrent section 667.5, subdivision (a) enhancements, which have since been invalidated pursuant to section 1172.75, subdivision (a).

---

[2] "And then we have—you have prior convictions. You have a prior conviction for a serious felony, which adds—under 667[, subdivision (a)] —667[, subdivision (a)(1)] and 1192.7, which adds another five years in state prison, and two 667.5[, subdivision (b)] priors, which add an additional two years in state prison. On the five years, that's a mandatory five years in prison, and that will be sentenced—I sentence you to five years. That will be consecutive. For a total of 19 years. The two priors, I'm going to run those concurrent."

4

The Attorney General argues that defendant is not entitled to a resentencing hearing because "a concurrent term, while imposed, is not executed . . . . " The Attorney General has not cited, and we have been unable to locate, any authority to support the proposition that a concurrent sentence is not executed. To the contrary, courts regularly impose *and* execute concurrent sentences. For example, section 669, subdivision (a) provides, "When a person is convicted of two or more crimes, . . . the second or subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment . . . shall run concurrently or consecutively." To accept the Attorney General's argument would mean that a court could never execute a concurrent sentence, essentially rendering such sentences without legal effect.

Additionally, the Attorney General contends that *Rhodius's* reasoning that a defendant is not entitled to a resentencing hearing for a stayed enhancement because it does not "increase the length of the . . . sentence" necessarily applies to concurrent sentences which similarly do not add additional time. We are not persuaded by the Attorney General's reliance on *Rhodius* in this instance. *Rhodius* solely addressed entitlement to a resentencing hearing for section 667.5, subdivision (b) enhancements which had been stayed, not those which had been imposed concurrently, as in defendant's case.

Accordingly, per the plain language of section 1172.75, defendant is entitled to a resentencing hearing.[3]

---

[3] Because we conclude defendant is entitled to a resentencing hearing in which the court must strike the two invalid prior prison term enhancements, we decline to address the Attorney General's alternate argument that the trial court impermissibly imposed concurrent sentences on

DISPOSITION

The postjudgment order denying defendant's petition for recall and resentencing is reversed, and the matter is remanded to the trial court for resentencing pursuant to the terms of section 1172.75. Upon conclusion of the new sentencing hearing, the trial court is directed to prepare an amended abstract of judgment and forward a certified copy to the California Department of Corrections and Rehabilitation.

---

these enhancements, citing *People v. Savedra* (1993) 15 Cal.App.4th 738, 747.