Filed 11/19/14  P. v. Carriel-Camacho CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040474 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. 127806) |
| v. | |
| ARMANDO CARRIEL-CAMACHO, | |
| Defendant and Appellant. | |

Armando Carriel-Camacho appeals from the superior court's October 7, 2013 order, which denied his motion to (1) clarify that his 1989 plea to former Health and Safety Code section 11350 was to subdivision (b), not subdivision (a), and (2) reduce the conviction from a felony to a misdemeanor pursuant to section 17, subdivision (b), (hereafter section 17(b)) of the Penal Code.[1]  Appellant's motion also requested an order pursuant to section 1203.4,[2] which the court granted.

---

[1]   All further statutory references are to the Penal Code unless otherwise stated.

[2]   Section 1203.4, subdivision (a)(1), provides:  "In any case in which a defendant has fulfilled the conditions of probation for the entire period of probation, or has been discharged prior to the termination of the period of probation, or in any other case in which a court, in its discretion and the interests of justice, determines that a defendant should be granted the relief available under this section, the defendant shall, at any time after the termination of the period of probation, if he or she is not then serving a sentence for any offense, on probation for any offense, or charged with the commission of any offense, be permitted by the court to withdraw his or her plea of guilty or plea of nolo contendere and enter a plea of not guilty; or, if he or she has been convicted after a plea of not guilty, the court shall set aside the verdict of guilty; and, in either case, the court shall thereupon dismiss the accusations or information against the defendant and except as noted below, he or she shall thereafter be released from all penalties and disabilities

We conclude that the trial court did not abuse its discretion and affirm.

I.

*Procedural History*

A. *Prior Proceedings*

A complaint filed June 6, 1988, alleged that on or about May 10, 1988, appellant committed a violation of former Health and Safety Code section 11351 in that he "did possess for sale a controlled substance, to wit: Heroin." The complaint was amended to simple possession (former Health and Saf. Code, § 11350) and appellant pleaded guilty. The court found a factual basis for the plea.

The probation report, which was prepared for sentencing and filed April 25, 1989, described the charge to which appellant had pleaded guilty as "[s]ection 11350 of the Health and Safety Code (Possession of Heroin)." According to the report, law enforcement executed a search warrant at a residence on May 10, 1988. Officers found appellant and four others present at the residence and "1.5 grams gross weight of heroin sitting on a small gram scale, cocaine residue, and approximately 33 grams gross weight of marijuana in the southeast bedroom." "Next to the scale was a box of plastic baggies, cocaine residue, and a wallet belonging to the defendant." During a postarrest interview,

resulting from the offense of which he or she has been convicted, except as provided in Section 13555 of the Vehicle Code. . . . However, in any subsequent prosecution of the defendant for any other offense, the prior conviction may be pleaded and proved and shall have the same effect as if probation had not been granted or the accusation or information dismissed. The order shall state, and the probationer shall be informed, that the order does not relieve him or her of the obligation to disclose the conviction in response to any direct question contained in any questionnaire or application for public office, for licensure by any state or local agency, or for contracting with the California State Lottery Commission." Subdivision (a)(2) of section 1203.4 states: "Dismissal of an accusation or information pursuant to this section does not permit a person to own, possess, or have in his or her custody or control any firearm or prevent his or her conviction under Chapter 2 (commencing with Section 29800) of Division 9 of Title 4 of Part 6." Subdivision (a)(3) of section 1203.4 provides: "Dismissal of an accusation or information underlying a conviction pursuant to this section does not permit a person prohibited from holding public office as a result of that conviction to hold public office."

appellant admitted selling cocaine and heroin. It was reported that, although appellant later claimed he was staying at his uncle's house while his uncle was in Los Angeles and he was unaware drugs were kept in the residence, the police had found a rent receipt in appellant's name for the premises. The probation report recommended that the court grant appellant, then 19 years old, probation.

On April 24, 1989, the trial court placed appellant on formal probation for three years.

In 1991, a petition for modification or change of terms of probation was filed. The petition indicates that appellant was placed on three years of probation for a violation of former "Section 11350 H & SC (Possession of Heroin)." On the petition, checked boxes indicate that "the probationer" requested "Early Termination" and "Record Clearance" but *not* "Reduction to Misdemeanor." An unsigned minute order reflects that the court granted early termination of probation pursuant to former section 1203.3 and record clearance pursuant to former section 1203.4.

B. *Current Proceedings under Section 17, Subdivision (b)*

On October 7, 2013, appellant's counsel asked the superior court to reissue the section 1203.4 order for purposes of addressing the federal immigration consequences that appellant was currently suffering.[3] Counsel also asked the court to interpret appellant's conviction as a "reducible wobbler" that was reduced to misdemeanor under the law since, at the time appellant pleaded guilty, former Health and Safety Code section 11350 had a subdivision (a) and a subdivision (b).

The superior court granted the motion to the extent it asked for relief under section 1203.4. The court denied the motion under section 17(b), finding that the offense of which appellant was convicted "remains a non-alternative felony."

---

[3]     The 1989 probation report indicated that defendant was a citizen of Mexico.

II

*Discussion*

A. *Legal Background*

At the time of appellant's offense in May 1988, former section 11350 of the Health and Safety Code provided: "(a) Except as otherwise provided in this division, every person who possesses (1) *any controlled substance specified in subdivision (b) or (c), or paragraph (1) of subdivision (f) of Section 11054*, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b), (c), or (g) of Section 11055, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, unless upon the written prescription of a physician, dentist, podiatrist, or veterinarian licensed to practice in this state, shall be punished by imprisonment in the state prison. [¶] (b) Except as otherwise provided in this division, every person who possesses any controlled substance specified in *subdivision (e) of Section 11054* shall be punished by imprisonment in the county jail for not more than one year or in the state prison." (Stats. 1987, ch. 970, § 1, p. 3254, italics added.)

In 1988, heroin was listed in subdivision (c) of former Health and Safety Code section 11054. (Stats. 1987, ch. 1174, § 2, p. 4152-4153.) Therefore, possession of heroin was a "straight felony" under former Health and Safety Code section 11350, subdivision (a). (Stats. 1987, ch. 970, § 1, p. 3254.)

At the time of appellant's offense in 1988, subdivision (e) of former Health and Safety Code section 11054 stated: "Depressants. Unless specifically excepted or unless listed in another schedule, any material, compound, mixture, or preparation which contains any quantity of the following substances having a depressant effect on the central nervous system, including its salts, isomers, and salts of isomers whenever the existence of those salts, isomers, and salts of isomers is possible within the specific chemical designation: [¶] (1) Mecloqualone. [¶] (2) Methaqualone." (Stats. 1987, ch. 1174, § 1.5, p. 4152.) Therefore, possession of those substances was a "wobbler"

4

under former Health and Safety Code section 11350, subdivision (b). (Stats. 1987, ch. 970, § 1, p. 3254; see Stats.1980, ch. 1270, § 1, p. 4296 [former § 17].) The record of conviction does not indicate that appellant was in possession of any controlled substance specified by subdivision (b) of former Health and Safety Code section 11350.

In 1988, former section 17(b) provided in pertinent part: "When a crime is punishable, in the discretion of the court, by imprisonment in the state prison or by fine or by imprisonment in the county jail, it is a misdemeanor for all purposes under the following circumstances: . . . [¶] (3) When the court grants probation to a defendant without imposition of sentence and at the time of granting probation, or on application of the defendant or probation officer thereafter, the court declares the offense to be a misdemeanor." (Stats. 1980, ch. 1270, § 1, pp. 4296-4297.) This language remains substantially the same except that it now takes into account criminal justice realignment.[4] (§ 17, subd. (b)(3); see *People v. Park* (2013) 56 Cal.4th 782, 793.)

B. *Ruling on the Section 17(b) Motion*

Appellant argues that the court abused its discretion by failing to clarify whether he was convicted under subdivision (a) or (b) of former Health and Safety Code section 11350. We conclude that the court properly found that appellant was convicted under subdivision (a) of former Health and Safety Code section 11350.

Appellant was originally charged with possession for sale of heroin but pleaded to simple possession (former Health & Saf. Code, § 11350). The probation report referred

---

[4] "In 2011, the Legislature enacted and amended the Criminal Justice Realignment Act of 2011 addressing public safety (Stats. 2011, ch. 15, § 1; Stats. 2011, 1st Ex. Sess. 2011-2012, ch. 12, § 1 (the Realignment Act or the Act)). . . . Under the terms of the Act, low-level felony offenders who have neither current nor prior convictions for serious or violent offenses, who are not required to register as sex offenders and who are not subject to an enhancement for multiple felonies involving fraud or embezzlement, no longer serve their sentences in state prison. Instead, such offenders serve their sentences either entirely in county jail or partly in county jail and partly under the mandatory supervision of the county probation officer. (Pen. Code, § 1170, subd. (h)(2), (3), (5).)" (*People v. Scott* (2014) 58 Cal.4th 1415, 1418-1419.)

to the offense to which appellant pleaded as "[s]ection 11350 of the Health and Safety Code (Possession of Heroin)."  The sentencing minutes and the Report of Sentence Choice to the judicial council, which was signed by superior court judge on April 27, 1989, specify the offense was a violation of former Health and Safety Code section 11350 and describe the offense as "poss of heroin."  Those notations obviously refer to "possession of heroin" and give rise to the direct inference that appellant was convicted of violating subdivision (a) of former Health and Safety Code section 11350.  (Evid. Code, § 664 [presumption that official duty regularly performed]; cf. *People v. Delgado* (2008) 43 Cal.4th 1059, 1069-1071.)

As indicated, possession of heroin fell within the scope of subdivision (a) and not subdivision (b) of former Health and Safety Code section 11350.  (Stats. 1987, ch. 970, § 1, p. 3254; see Stats. 1987, ch. 1174, § 1.5, p. 4150.)  By finding that the violation of former Health and Safety Code section 11350 was a "non-alternative felony," the superior court impliedly concluded appellant had been convicted under subdivision (a) of that section.  The court did not, as appellant claims, refuse to clarify the nature of the conviction.

Appellant nevertheless contends that, "[b]y not clarifying why an imputed finding of subdivision (a) of [former Health and Safety Code section] 11350 was justified, the court was denying that it had jurisdiction to even consider the section 17 motion . . . ."  He maintains that the superior court was "wrong to believe that it had no jurisdiction to rule on the motion."  Appellant asserts that the court abused its discretion by denying his motion to reduce his felony conviction to a misdemeanor pursuant to section 17(b) by not recognizing its discretion and exercising it based upon the appropriate considerations.

Appellant offers, as worthy of consideration, his exemplary behavior as a family man and worker over the past couple of decades.  He declares that even if his "susceptibility to deportation were not an extraordinary equity warranting a reduction under Penal Code section 17 subdivision (b)(3), his rehabilitation is an extraordinary

6

circumstance that further[s] the likelihood of reduction" to a misdemeanor.  Appellant asks this court to remand the case to allow the superior court to properly exercise its discretion.

While a probationer who becomes law abiding and makes a constructive contribution to society certainly deserves to be commended, neither this court nor the superior court can change the nature of appellant's conviction.  Subdivision (b) of former Health and Safety Code section 11350 applied to possession of only specific controlled substances, not to possession of heroin.  The superior court had no discretion to reduce appellant's conviction of felony possession under subdivision (a) of former Health and Safety Code section 11350 to a misdemeanor because section 17(b) was inapplicable.

## DISPOSITION

The October 7, 2013 order is affirmed.

_____

ELIA, J.

WE CONCUR:

_____

RUSHING, P. J.

_____

MÁRQUEZ, J.