Filed 1/9/15  P. v. Amaya CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E059609 |
| v. | (Super.Ct.No. RIF1201528) |
| ARMANDO RUBEN AMAYA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Jeffrey J. Prevost, Judge. Affirmed with directions.

Ellen M. Matsumoto, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and A. Natasha Cortina, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Armando Ruben Amaya is serving 26 years to life as a third-striker after a jury convicted him of robbery, burglary and dissuading a witness. Defendant argues the prosecution presented insufficient evidence to prove that one of his prior convictions qualified as a strike. He also contends the trial court failed to either strike or impose the sentence for an arming enhancement attached to the robbery conviction, and so the matter should be remanded. We conclude that substantial evidence supports the challenged strike prior, but remand to the trial court so it can either strike or impose the sentence for the arming enhancement.

### FACTS AND PROCEDURE

On November 20, 2011, defendant and his brother robbed a convenience store at gunpoint (defendant's brother held the gun), took the clerk's wallet and cell phone, and emphasized that they now knew where the clerked lived.

On April 26, 2013, the jury convicted defendant of all charges—robbery (Pen. Code, § 211),[1] burglary (§ 459) and dissuading a witness (§ 136.1, subd. (b)(1)). The jury also found true the allegation as to the robbery that defendant participated as a principal knowing that another principal was armed with a firearm (§ 12022, subd. (d)).

On July 22, 2013, after a court trial on defendant's prior convictions, the court found true that defendant had a prison term prior (§ 667.5, subd. (b)) and two strike priors (§§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(A)). The court then sentenced defendant to a total of 26 years to life in prison as follows: 25 years to life for the

---

[1] All section references are to the Penal Code unless otherwise indicated.

robbery, 25 years to life for the burglary, stayed pursuant to section 654, 25 years to life for dissuading a witness, to be served concurrently, plus one consecutive year for the prison prior. The court did not mention the arming allegation.

This appeal followed.

## DISCUSSION

1. *Sufficiency of the Evidence to Prove Strike Prior*

Defendant argues that the record was insufficient to establish that his 2001 conviction from San Bernardino County, for violation of section 245, subdivision (a)(1), was a serious or violent felony conviction. The text of section 245, subdivision (a)(1), in 2001 was as follows: "(a) (1) Any person who commits an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury shall be punished by imprisonment in the state prison for two, three, or four years, or in a county jail for not exceeding one year, or by a fine not exceeding ten thousand dollars ($ 10,000), or by both the fine and imprisonment."

Assault with personal use of a deadly weapon is a serious felony; assault by means of force likely to cause great bodily injury is not. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1063, 1065.) Consequently, a record which merely shows that the defendant was convicted of violating section 245, subdivision (a)(1), without evidence that the conviction involved personal use of a deadly weapon, is insufficient to prove a prior serious felony allegation. (*Delgado*, at p. 1066.)

3

"A common means of proving the fact and nature of a prior conviction is to introduce certified documents from the record of the prior court proceeding and commitment to prison, including the abstract of judgment describing the prior offense." (*Delgado*, *supra*, 43 Cal.4th at p. 1066). From these certified documents, the trial court can draw reasonable inferences in deciding whether the defendant suffered the prior. (*Id*. at p. 1066.) "[I]f the prior conviction was for an offense that can be committed in multiple ways, and the record of conviction does not disclose how the offense was committed, a court must presume the conviction was for the least serious form of the offense." (*Id.* at p. 1066.)

When a defendant challenges the sufficiency of documentary exhibits at a bifurcated trial on strike priors, a reviewing court's role is limited to deciding whether, when viewed in the light most favorable to the judgment, the documents disclose substantial evidence, e.g., evidence which is reasonable, credible, and of solid value, such that a reasonable trier of fact could find the prior convictions true beyond a reasonable doubt. (*Delgado, supra*, 43 Cal.4th at p. 1067; *People v. Garrett* (2001) 92 Cal.App.4th 1417, 1433.) A reviewing court should not reweigh conflicts in the evidence but may consider reasonable inferences that can be drawn from the record. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)

Here, the trial court had available to it the following evidence when it determined the 2001 conviction was a serious felony. The evidence is reviewed in chronological order of its creation.

First, the complaint filed November 13, 2001. In it, the People describe count 1 as follows: "On or about October 16, 2001, in the above named judicial district, the crime of ASSAULT WITH DEADLY WEAPON, in violation of PENAL CODE SECTION 245(A)(1), a felony, was committed by Armando Ruben Amaya, who did willfully and unlawfully commit an assault upon Jose Luis Ventura with a deadly weapon, to wit, Shotgun." The People allege the identical crime committed against two other victims in counts 2 and 3. Further, the complaint contains a notice in count one that "The above offense is a serious felony within the meaning of Penal Code section 1192.7(c)." This clearly indicates the People charged defendant with assault with a deadly weapon, which is a strike offense. As the People point out, the record contains no evidence, at all, that the charge was reduced to assault other than with a deadly weapon.

Second, the plea form. Filed on February 4, 2002, the hand-written notation states that defendant pled to "245(a) PC (assault w/deadly weapon.)" This clearly indicates defendant pled guilty to assault with a deadly weapon, which is a strike offense.

Third, the abstract of judgment, dated March 4, 2002, shows defendant was convicted of "PC 245(A)(1) ASSAULT WITH DEA." This appears to us as well to indicate assault with a deadly weapon, which is a strike offense, rather than the non-strike assault by any means likely to produce great bodily injury. Defendant argues that, as with the case print described below, this could have been an attempt by the clerk to notate the conviction with a general description of the statute, without specifying whether it was for deadly weapon use or for likely to cause great bodily injury. We do not see that this is a reasonable interpretation of the notation, because it contains NO elements of section

5

245, subdivision (a)(1), other than assault with a deadly weapon. In any case, even if we were to accept defendant's argument on this point, as with the case print described below, this would render the abstract of judgment simply unhelpful as to the issue of whether the 2001 prior was a serious felony, rather than indicating the felony was not serious or making the record as a whole anything less than clear on that point.

Fourth, the case print made on September 21, 2012, describes the offense to which defendant pled guilty as "245(A)(1) PC ASSAULT WITH DEADLY WEAPON NOT FIREARM OR FORCE: GBI LIKELY". This seems to us like a generic description of section 245, subdivision (a)(1), rather than evidence either way as to whether the conviction was for assault with a deadly weapon, a serious felony. In addition, the case print also lists the two dismissed counts, counts 2 and 3, in the same manner – "245(A)(1) PC ASSAULT WITH DEADLY WEAPON NOT FIREARM OR FORCE: GBI LIKELY," despite the fact that they were, also, clearly defined as assault with a deadly weapon in the complaint. At most, we conclude that the case print is not helpful to resolve this issue.

To conclude, the complaint, the plea form and the abstract of judgment each clearly indicate that defendant pled guilty to assault with a deadly weapon, which is a serious felony. The case print is not useful to the determination in either direction. These documents taken as a whole disclose substantial evidence to support the trial court's finding beyond a reasonable doubt that the 2001 conviction was a serious felony for purposes of the Three Strikes law.

2. *Remand for Pronouncement of Judgment on the Arming Enhancement*

Defendant argues, the People concede, and this court agrees that the trial court erred when it failed to pronounce judgment on the arming enhancement under section 12022, subdivision (d), as to the robbery count. Although the abstract of judgment and minute order each reflect a one-year consecutive term, the trial court did not orally pronounce judgment on the arming enhancement at the sentencing hearing. The trial court is required to either impose or strike the allegation (§ 12022, subds. (d) & (f)). Given the court's omission, the sentence on the arming enhancement is unauthorized and subject to correction for the first time on appeal. (*People v. Bradley* (1998) 64 Cal.App.4th 386, 391.) Remand for correction is the appropriate remedy. (*People v. Neeley* (2009) 176 Cal.App.4th 787, 799.)

## DISPOSITION

The matter is remanded to the trial court with directions to either impose or strike the arming enhancement under section 12022, subdivision (d).  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

GAUT
J.[*]

We concur:

RAMIREZ
P. J.

KING
J.

---

[*]  Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division Two, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.