Filed 3/24/16  P. v. Binion CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JEREMY JAMES BINION,<br><br>        Defendant and Appellant. | C079427<br><br>(Super. Ct. No. 12F2333) |

Defendant Jeremy James Binion was charged by consolidated information with eight counts of first degree residential burglary (Pen. Code, § 459),[1] one count of attempted first degree residential burglary (§§ 664, 459), and one count of possession of a firearm by a felon (§ 29800, subd. (a)).  The consolidated information also alleged facts to support several sentence enhancements.  On July 5, 2013, defendant entered a plea agreement for a stipulated term of 25 years in prison.  Defendant pleaded no contest to four counts of first degree burglary and admitted the facts supporting two enhancements

---

[1] Undesignated statutory references are to the Penal Code.

1

(§§ 667, subd. (a)(1), 1170.12). The balance was dismissed with a *Harvey*[2] waiver stating the judge could consider the facts of the dismissed charges in ordering victim restitution. On appeal, defendant contends the trial court violated his right to self-representation by denying his right to present evidence at his restitution hearing. We disagree. Defendant sought to represent himself *after* the presentation of evidence and argument regarding restitution, and the trial court *granted* his request. We also deny as unnecessary his requests for a remand as to the determination of his co-defendant's case and that his restitution order be made to reflect joint and several liability if she was convicted. The restitution order already reflects joint and several liability.

The People ask that we order the abstract of judgment corrected to accurately reflect the restitution and assessments orally pronounced by the court. We shall order correction of the abstract of judgment, but otherwise affirm the judgment.

## I. BACKGROUND

Defendant was sentenced on July 2, 2014. The trial court ordered him to pay restitution and parole revocation fines of $1,200 each (§§ 1202.4, subd. (b), 1202.45), the latter of which the court stayed pending successful completion of parole. The court also ordered defendant to pay a court operations assessment of $160 (§ 1465.8, subd. (a)(1)), a criminal conviction assessment of $120 (Gov. Code, § 70373), and a crime prevention fee of $39 (§ 1202.5). The court reserved victim restitution and set a hearing.

On March 13, 2015, the court and counsel discussed the status of restitution and various pieces of evidence informally. Then, defendant's *Marsden*[3] motion was heard and denied. It was not the first such motion defendant made in the action, but it was the first since sentencing.

---

[2] *People v. Harvey* (1979) 25 Cal.3d 754.

[3] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

On May 4, 2015, the court heard argument regarding restitution. At the close of argument, defendant's counsel noted that defendant was requesting another *Marsden* hearing. The trial court conducted the *Marsden* hearing, and then adjourned until May 7 to more fully evaluate defendant's claims pertaining to the *Marsden* motion. The court stated it would not need any more facts or argument from either counsel.

The court began the reconvened hearing by concluding the continued *Marsden* hearing and denying that motion. Defendant then filed a *Faretta*[4] motion for self-representation. The court noted that granting the *Faretta* motion at that point was an academic exercise. The court explained it was ready to rule and had already heard everything it would hear about restitution including through the *Marsden* hearing, but defendant could file a written motion to reconsider the restitution decision or avail himself of the appellate courts. The court granted the *Faretta* motion and ordered defendant to pay $67,899.67 in victim restitution.

## II. DISCUSSION

*A.      Right to Self-Representation*

Defendant alleges his Sixth and Fourteenth Amendment rights to self-representation were violated because the trial court denied him the opportunity to present evidence at his restitution hearing, more specifically by preparing an expert and calling witnesses. The fatal flaws in defendant's claim are that his request for self-representation was made after the presentation of evidence and argument on the restitution issue, and it was *granted*. To the extent defendant lost an opportunity to present evidence at his restitution hearing, it was because he did not ask to represent himself before it began. Further, he did not file a motion for reconsideration thereafter. The trial court did not violate his right to self-representation.

---

[4] *Faretta v. California* (1975) 422 U.S. 806 (*Faretta*).

3

*B.     Restitution Order*

Defendant notes co-defendant Donna Taylor was also charged in count 9 involving victim Kelly O'Leary. He asks us to "remand this matter for determination as to the outcome of Donna Taylor's case, with an order that joint and several liability be made if she was convicted." At the hearing on May 7, 2015, the court ordered defendant to pay $67,899.67 in victim restitution, and asked the prosecutor to prepare an order. That day, the court issued an order after hearing ordering defendant to pay $67,899.67 in total restitution "as attached herein." The attachment lists amounts by victim but did not reflect any joint and several liability. This is the order cited by defendant. The following day, the restitution order prepared by the prosecutor was signed by the judge and filed with the court. In it, as relevant here, the court ordered defendant to:

"1. Pay $11,655.79 jointly and severally with the codefendants Cinthia Willis and Donna Taylor to Doug and Jeanne Willis

"2. Pay $1,249 jointly and severally with the codefendant Donna Taylor to Richard Cary

"3. Pay $13,105 jointly and severally with the codefendant Donna Taylor to Kelly O'Leary[.]"

The People agree that joint and several liability should have been imposed and contend this order renders defendant's request unnecessary. This appears to resolve the issue. Accordingly, defendant's request is denied because the May 8, 2015, restitution order already reflects joint and several liability as to O'Leary's restitution.

*C.     Errors in the Abstract of Judgment*

The People contend the abstract of judgment contains various errors that require correction. We agree. At sentencing, the court imposed a $160 court operations assessment and a $120 criminal conviction assessment. The abstract of judgment, however, inaccurately reflects a $40 court operations assessment and a $30 criminal conviction assessment. Additionally, the trial court ordered $67,899.67 in restitution, but

4

the abstract states the court reserves restitution for the victims. Where the abstract of judgment differs from the court's oral pronouncements, the oral pronouncement of judgment controls. (*People v. Delgado* (2008) 43 Cal.4th 1059, 1070.) Such errors in the abstract of judgment may be corrected by this court on appeal. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) Accordingly, we direct the trial court to correct the abstract of judgment to reflect the assessments and restitution orally imposed.

## III. DISPOSITION

The judgment is affirmed. The trial court is direct to prepare a corrected abstract of judgment reflecting a $160 court operations assessment, a $120 criminal conviction assessment, and victim restitution of $67,899.67, and forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

/S/
_____
RENNER, J.

We concur:

/S/
_____
NICHOLSON, Acting P. J.

/S/
_____
ROBIE, J.

5