Filed 1/31/24  P. v. Hernandez CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ANGELA HERNANDEZ,<br><br>    Defendant and Appellant. | B328585<br><br>(Los Angeles County<br>Super. Ct. No. BA459670) |

APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge.  Reversed and remanded.

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Nikhil Cooper, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

Angela Hernandez appeals the trial court's order denying her petition for vacatur of her attempted murder conviction and resentencing under Penal Code section 1172.6.[1]  Hernandez pleaded no contest to attempted murder and admitted the allegation that she personally inflicted great bodily injury upon the victim under circumstances involving domestic violence.  The trial court found that Hernandez failed to make a prima facie showing that she was eligible for relief.  On appeal, Hernandez argues that the trial court erred because the record of conviction does not preclude her from relief as a matter of law.  We reverse the trial court's order and remand the matter for further proceedings pursuant to section 1172.6.

## PROCEDURAL HISTORY

In 2017, Hernandez pleaded no contest to one count of attempted murder (§§ 187, subd. (a)/664) and admitted that she personally inflicted great bodily injury upon the victim under circumstances involving domestic violence (§ 12022.7, subd. (e)).  Hernandez pleaded pursuant to *People v. West* (1970) 3 Cal.3d 595, and thus did not admit to a factual basis for the plea.  Defense counsel joined in waivers, but not in the plea.  Counsel did not stipulate to a factual basis for the plea, but stipulated to the complaint, which set forth the same allegations as the information to which Hernandez pleaded.  Hernandez was sentenced to 12 years in state prison.

On March 10, 2022, Hernandez filed a petition for vacatur of her attempted murder conviction and resentencing pursuant to

---

[1] All further statutory references are to the Penal Code.

section 1172.6 on a standard form. Hernandez requested counsel, which the court appointed.

The People filed a brief opposing Hernandez's petition on the ground that the preliminary hearing transcript reflected that Hernandez ran over the victim with her car twice. The People argued that, as the direct perpetrator of the attempted murder, Hernandez was ineligible for relief as a matter of law.

Hernandez filed a reply through counsel. The reply argued that by filing a facially sufficient petition containing a declaration that met the requirements of section 1172.6, subdivisions (a) and (b)(1)(A), Hernandez made a prima facie showing of eligibility for resentencing. Hernandez asserted that the evidence contained in the preliminary hearing transcript could not preclude relief at the prima facie stage as a matter of law because she did not stipulate to the transcript or to any document as a factual basis for the plea, or otherwise admit that she was the actual perpetrator. The trial court's consideration of the preliminary hearing transcript absent a stipulation would constitute fact-finding, which was prohibited at the prima facie stage.

At a hearing on the matter on December 30, 2022, the prosecution argued that Hernandez pleaded no contest to attempted murder, which is a specific intent crime, as charged in the information. Hernandez also admitted to personally inflicting great bodily injury under circumstances involving domestic violence and therefore could not have been prosecuted under a natural and probable consequences theory under the circumstances. The prosecutor argued that the court could consider the preliminary hearing transcript even if Hernandez did not stipulate to it as a factual basis for the plea, because the transcript was part of the record of conviction. The preliminary

3

hearing transcript demonstrated that Hernandez ran over the victim with her car. There was no question regarding her role in the attempted murder.

Defense counsel responded that the trial court was prohibited from making factual determinations based on the evidence in the preliminary hearing transcript. He asserted that Hernandez had made a prima facie showing that she was eligible for relief.

The court issued a written decision denying Hernandez's petition. The court agreed with the parties that at the prima facie stage of proceedings it was limited to consideration of the record of conviction and could not engage in fact-finding. The court agreed with the People that it could consider the preliminary hearing transcript in Hernandez's case because there were no disputed facts. The preliminary hearing transcript showed that Hernandez acted alone, with either express or implied malice. As the actual perpetrator, Hernandez did not fall within the purview of section 1172.6. Alternatively, excluding the preliminary hearing transcript from consideration, the record of conviction was sufficient to deny the petition as a matter of law. Hernandez was convicted as the sole perpetrator of the attempted murder as charged, and admitted the personal infliction of great bodily injury allegation. At all times throughout the proceedings, the prosecution contended that Hernandez was the sole perpetrator. Hernandez failed to make a sufficient prima facie showing of eligibility.

4

**DISCUSSION**

*Legal Principles*

When Hernandez pleaded no contest in 2017, a defendant could be convicted of attempted murder under the theory that the defendant aided and abetted a crime of which attempted murder was a natural and probable consequence. (See *People v. Chiu* (2014) 59 Cal.4th 155, 161 [discussing natural and probable consequences liability generally]; see also § 31.) Under the law at that time, it was not necessary to prove that the defendant intended that the attempted murder be committed or even that the defendant subjectively foresaw that attempted murder could result. (See *Chiu*, at pp. 161–162.)

In 2019, the Legislature, through Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), amended section 188 to eliminate the natural and probable consequences doctrine as it applies to murder and to require, with certain exceptions under the felony-murder rule, that a defendant act with malice to be convicted of murder. (§ 188, subd. (a)(3).) In 2021, through Senate Bill No. 775 (2020–2021 Reg. Sess.) (Stats. 2021, ch. 551) (Senate Bill 775), the Legislature clarified that the amendments made by Senate Bill 1437 were also intended to apply to attempted murder. Senate Bill 775 also amended former section 1170.95 (now § 1172.6) to permit persons convicted by plea agreement of attempted murder under the natural and probable consequences doctrine to file a petition with the sentencing court to vacate the conviction and be resentenced. (§ 1172.6, subd. (a).)

5

Under section 1172.6, a defendant convicted by plea of attempted murder under the natural and probable consequences doctrine must attest to the following: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under [a natural and probable consequences theory of attempted murder]. . . . [¶] (2) The petitioner was convicted of . . . attempted murder . . . following . . . a plea offer in lieu of a trial at which the petitioner could have been convicted of . . . attempted murder. [¶] (3) The petitioner could not presently be convicted of . . . attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subds. (a)(1)–(a)(3), (b)(1).)

"After a petition for resentencing is filed, the trial court must then determine whether the defendant has made a prima facie showing of entitlement to relief." (*People v. Davenport* (2021) 71 Cal.App.5th 476, 480.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless. . . . [¶] While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited. . . . '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "In reviewing any part of the record of conviction at

this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] . . . [T]he 'prima facie bar was intentionally and correctly set very low.' " (*Id*. at p. 972.) "At the prima facie stage, a court must accept as true a petitioner's allegation that he or she could not currently be convicted of a homicide offense because of changes to [s]ection 188 or 189 made effective January 1, 2019, unless the allegation is refuted by the record. [Citation.] And this allegation is not refuted by the record unless the record conclusively establishes every element of the offense." (*People v. Curiel* (2023) 15 Cal.5th 433, 463.) If the petitioner makes a prima facie showing of eligibility, the trial court must issue an order to show cause and hold an evidentiary hearing. (*Ibid*.)

We independently review a trial court's determination of whether a petitioner has made a prima facie showing. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

*Analysis*

Hernandez contends that the trial court erred by finding her ineligible for relief under section 1172.6 as a matter of law at the prima facie stage of proceedings. Hernandez argues that nothing in the record of conviction conclusively forecloses her eligibility, and that requiring her to submit additional evidence to overcome the evidence in the preliminary hearing transcript prior to an evidentiary hearing imposes a burden on her that is not contemplated by the statute.

We agree. Hernandez made a prima facie showing that she was eligible for relief that was not refuted by the record of

conviction as a matter of law. The information charged Hernandez with attempted murder, alleging that Hernandez "unlawfully and with malice aforethought attempt[ed] to murder" the victim. Because the crime of attempted murder was generically charged, the complaint allowed the prosecution to proceed on a theory of attempted murder under the natural and probable consequences doctrine. (See § 1172.6, subd. (a)(1); *People v. Davenport, supra*, 71 Cal.App.5th at p. 484 [" 'The allegation that a murder was committed " 'willfully, unlawfully, and with malice aforethought' " is a well-recognized way of charging murder in [a] generic sense,' " which "does 'not limit the People to prosecuting [defendant] on any particular theories' "].)

Hernandez pleaded no contest pursuant to *People v. West, supra*, 3 Cal.3d 595, and did not admit to a factual basis for the plea. Thus, her no contest plea did not constitute an admission to the manner in which she committed the attempted murder. (See *People v. French* (2008) 43 Cal.4th 36, 49; *People v. Delgado* (2008) 43 Cal.4th 1059, 1066 ["if the prior conviction was for an offense that can be committed in multiple ways, and the record of conviction does not disclose how the offense was committed, a court must presume the conviction was for the least serious form of the offense"].)

Hernandez's admission that she personally inflicted great bodily injury upon the victim under circumstances involving domestic violence (§ 12022.7, subd. (e)) also does not foreclose as a matter of law the possibility that she was convicted under the natural and probable consequences doctrine. Section 12022.7, subdivision (e) imposes additional punishment on "[a]ny person who personally inflicts great bodily injury under circumstances involving domestic violence in the commission of a felony or

8

attempted felony." " 'Domestic violence' means abuse committed against an adult or a minor who is a spouse, former spouse, cohabitant, former cohabitant, or person with whom the suspect has had a child or is having or has had a dating or engagement relationship." (§ 13700, subd. (b).) " 'Abuse' means intentionally or recklessly causing or attempting to cause bodily injury, or placing another person in reasonable apprehension of imminent serious bodily injury to himself or herself, or another." (§ 13700, subd. (a).) The enhancement does not require that the defendant act with express or implied malice as attempted murder does.

Finally, the preliminary hearing transcript does not establish that Hernandez is prima facie ineligible for relief as a matter of law. Hernandez did not admit to the truth of the facts contained in the preliminary hearing transcript. Her counsel argued in the trial court and again on appeal that, because Hernandez made no such admission, she was not estopped from rebutting the evidence contained in the preliminary hearing transcript at an evidentiary hearing held pursuant to section 1172.6, subdivision (d)(3).

Hernandez is correct. Our Supreme Court has recently emphasized that at the prima facie stage a trial court is only permitted to deny the petition if the record of conviction "foreclose[s] [the] possibility [that the petitioner was convicted under an invalid theory] *as a matter of law*." (*People v. Curiel*, *supra*, 15 Cal.5th at p. 470].) If there is a possibility that the petitioner could provide evidence to rebut the evidence in the record of conviction (including the preliminary hearing transcript), the resolution of the matter involves fact-finding and an evidentiary hearing is required. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972.)

We are not persuaded otherwise by *People v. Patton* (2023) 89 Cal.App.5th 649, review granted June 28, 2023, S279670, and *People v. Pickett* (2022) 93 Cal.App.5th 982, review granted October 11, 2023, S281643, which are distinguishable. In both cases, the courts of appeal concluded that the evidence contained in the preliminary hearing transcript conclusively foreclosed the possibility that the petitioner was convicted under an invalid theory of liability in part because the defendant did not file a reply in response to the People's opposition to the petition or otherwise object to the evidence in the preliminary hearing transcript. (*Patton*, at pp. 654, 658 [evidence in preliminary hearing transcript was "uncontroverted"]; *Pickett*, at p. 990 [same].) Here, counsel filed a reply arguing that the preliminary hearing transcript did not preclude relief as a matter of law and argued the issue in a hearing before the trial court. The preliminary hearing transcript was not uncontroverted in Hernandez's case.

## DISPOSITION

We reverse the trial court's order denying Hernandez's petition for resentencing under Penal Code section 1172.6 and remand for further proceedings.

NOT TO BE PUBLISHED.


MOOR, J.


We concur:


RUBIN, P. J.


KIM, J.