Filed 9/25/24  P. v. Orozco CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHRISTOPHER OROZCO,<br><br>    Defendant and Appellant. | B331627<br><br>(Los Angeles County<br>Super. Ct. No. VA131923) |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa Coen, Judge.  Reversed and remanded.

Law Offices of James Koester and James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General for Plaintiff and Respondent.

Christopher Orozco appeals the trial court's order denying his petition for vacatur of his attempted murder conviction and resentencing under Penal Code[1] former section 1170.95 (now §1172.6).  The trial court relied on the preliminary hearing transcript to find that Orozco failed to make a prima facie showing of eligibility because the evidence presented at the preliminary hearing indicated he was the sole perpetrator who committed attempted murder by stabbing the victim.  We reverse the trial court's order and remand for further proceedings.

## PROCEDURAL HISTORY

### A.    *Charges*

In an amended information filed on April 14, 2014, Orozco was charged with one count of attempted murder (§§ 187, subd. (a) & 664, count 1) and one count of assault with a deadly weapon, a knife (§ 245, subd. (a)(1)).  It was alleged as to count one that Orozco personally used a dangerous and deadly weapon, a knife.  (§ 12022, subd. (b)(1).)  It was further alleged as to both counts that Orozco personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)), and that Orozco had suffered two prior convictions for serious and/or violent felonies under the Three Strikes law (§§ 667, subd. (d) & 1170.12, subd. (b)), suffered two prior serious felony convictions within the meaning of section 667.5, subdivision (a)(1), and served a prior prison term within the meaning of section 667.5, subdivision (b).

---

[1] All further statutory references are to the Penal Code.

## B. *Plea*

Orozco filled out a felony advisement of rights, waiver, and plea form in which he indicated that he wished to plead guilty or no contest to attempted murder in count 1 and admit the personal knife use allegation, the personal infliction of great bodily injury allegation, and the allegation that he suffered one prior strike conviction, for an aggregate prison term of 22 years. Item 16 of the plea form stated "I offer to the Court the following as the basis for my plea of guilty or no contest and any admission(s) (select applicable box):" Orozco crossed out the box for 16. A., which states "I stipulate and agree that there is a factual basis for my plea(s) and admission(s)." Orozco initialed the box for 16. B., which states, "I am pleading guilty or no contest to take advantage of a plea bargain. (*People v. West* [(1970) 3 Cal.3d 595].)"

At the plea colloquy, Orozco stated that he signed, dated, and initialed the advisement of rights waiver and plea form, which he understood with the help of his lawyer. Orozco further stated that he understood he would be admitting the great bodily injury and knife allegations and that he would be sentenced to 22 years in prison. The court then asked Orozco if he understood the maximum time and stipulated to a factual basis for the plea based on the police reports and preliminary hearing transcript. Defense counsel responded in the affirmative.

The court sentenced Orozco to nine years for the attempted murder, doubled to 18 years under the Three Strikes law, plus three years for the great bodily injury enhancement, and one year for personal use of the knife, for a total term of 22 years in prison.

## C.    *Section 1172.6 Petition*

In 2022, Orozco filed a petition for resentencing under former section 1170.95 utilizing a standard form.  The trial court appointed counsel.

The People filed an opposition to Orozco's petition on the basis that he was prosecuted as the actual perpetrator and was therefore ineligible for resentencing.  The preliminary hearing transcript and plea colloquy transcript were attached to the opposition.  The People argued that Orozco pleaded no contest to attempted murder, admitted to personally using a knife and personally inflicting great bodily injury, and stipulated to the preliminary hearing transcript as the factual basis for the plea.

Orozco filed a reply through counsel stating that he made the requisite allegations and had not stipulated to a factual basis for the plea.  The preliminary hearing transcript was not uncontroverted and could not be the basis for a finding that he was prima facie ineligible for relief under section 1172.6.

At the prima facie hearing, both parties submitted on the pleadings.  The trial court found that Orozco was ineligible for relief as a matter of law because the case was not based on any theory under which another person committed an act and liability was imputed to Orozco.  Orozco was the sole perpetrator who committed the attempted murder by stabbing the victim at least four times in the chest and stomach.

# DISCUSSION

## A. *Legal Principles*

When Orozco pleaded no contest to attempted murder in 2014, a defendant could be convicted under the theory that the defendant aided and abetted a crime of which attempted murder was a natural and probable consequence. (See *People v. Chiu* (2014) 59 Cal.4th 155, 161 [discussing natural and probable consequences liability generally]; see also § 31.) Under the law at that time, it was not necessary to prove that the defendant intended that the attempted murder be committed or even that the defendant subjectively foresaw that attempted murder could result. (See *Chiu*, at pp. 161–162.)

In 2019, the Legislature, through Senate Bill No. 1437 (2017–2018 Reg. Sess.) (Stats. 2018, ch. 1015) (Senate Bill 1437), amended section 188 to eliminate the natural and probable consequences doctrine as it applies to murder and to require, with certain exceptions under the felony-murder rule, that a defendant act with malice to be convicted of murder. (§ 188, subd. (a)(3).) In 2021, through Senate Bill No. 775 (2020–2021 Reg. Sess.) (Stats. 2021, ch. 551) (Senate Bill 775), the Legislature clarified that the amendments made by Senate Bill 1437 were also intended to apply to attempted murder. Senate Bill 775 also amended former section 1170.95 to permit persons convicted by plea agreement of attempted murder under the natural and probable consequences doctrine to file a petition with the sentencing court to vacate the conviction and be resentenced. (§ 1172.6, subd. (a).)

Under section 1172.6, a defendant convicted by plea of attempted murder under the natural and probable consequences doctrine must attest to the following: "(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under [a natural and probable consequences theory of attempted murder] . . . . [¶] (2) The petitioner was convicted of . . . attempted murder . . . following . . . a plea offer in lieu of a trial at which the petitioner could have been convicted of . . . attempted murder. [¶] (3) The petitioner could not presently be convicted of . . . attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subds. (a)(1)–(a)(3), (b)(1).)

"After a petition for resentencing is filed, the trial court must then determine whether the defendant has made a prima facie showing of entitlement to relief." (*People v. Davenport* (2021) 71 Cal.App.5th 476, 480.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section [1172.6], allowing the court to distinguish petitions with potential merit from those that are clearly meritless. . . . [¶] While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited. . . . '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) "In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] . . . [T]he 'prima facie bar was intentionally and correctly set very low.' "

(*Id*. at p. 972.) "At the prima facie stage, a court must accept as true a petitioner's allegation that he or she could not currently be convicted of a homicide offense because of changes to [s]ection 188 or 189 made effective January 1, 2019, unless the allegation is refuted by the record. [Citation.] And this allegation is not refuted by the record unless the record conclusively establishes every element of the offense." (*People v. Curiel* (2023) 15 Cal.5th 433, 463.) If the petitioner makes a prima facie showing of eligibility, the trial court must issue an order to show cause and hold an evidentiary hearing. (*Ibid*.)

We independently review a trial court's determination of whether a petitioner has made a prima facie showing. (*People v. Harden* (2022) 81 Cal.App.5th 45, 52.)

## B.  *Analysis*

Orozco contends that the trial court erred by finding him ineligible for relief under section 1172.6 as a matter of law at the prima facie stage of proceedings. Orozco argues that nothing in the record of conviction conclusively forecloses his eligibility, even though, as he concedes, the preliminary hearing transcript contradicts his allegation that he could not presently be convicted of attempted murder "because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subds. (a)(3), (b)(1).)

We agree. Orozco made a prima facie showing that he was eligible for relief that was not refuted by the record of conviction as a matter of law. The information charged Orozco with attempted murder, alleging that Orozco "unlawfully, and with malice aforethought attempted to murder" the victim. Because the crime of attempted murder was generically charged, the

7

complaint allowed the prosecution to proceed on a theory of attempted murder under the natural and probable consequences doctrine. (See § 1172.6, subd. (a)(1); *People v. Davenport, supra,* 71 Cal.App.5th at p. 484 [" 'The allegation that a murder was committed " 'willfully, unlawfully, and with malice aforethought' " is a well-recognized way of charging murder in [a] generic sense,' " which "does 'not limit the People to prosecuting [defendant] on any particular theories' "].)

Orozco pleaded no contest pursuant to *People v. West* (1970) 3 Cal.3d 595, and did not admit to any particular facts or legal theory as the basis for the plea. Thus, his no contest plea did not constitute an admission to the manner in which he committed the attempted murder. (See *People v. French* (2008) 43 Cal.4th 36, 49; *People v. Delgado* (2008) 43 Cal.4th 1059, 1066 ["if the prior conviction was for an offense that can be committed in multiple ways, and the record of conviction does not disclose how the offense was committed, a court must presume the conviction was for the least serious form of the offense"].)

Orozco's admissions that he personally used a dangerous and deadly weapon (§ 12022, subd. (b)(1)), and personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)) also do not foreclose as a matter of law the possibility that he was convicted under the natural and probable consequences doctrine. These enhancements increase punishment based on the defendant's actions, but neither requires that the defendant act with express or implied malice as attempted murder does.

Finally, the preliminary hearing transcript does not establish that Orozco is prima facie ineligible for relief as a matter of law. Orozco did not admit to the truth of the facts contained in the preliminary hearing transcript. On his plea

8

form he crossed out the words "I stipulate and agree that there is a factual basis for my plea(s) and admission(s)[,]" and instead indicated that he was pleading no contest to take advantage of a plea bargain pursuant to *People v. West*, *supra*, 3 Cal.3d 595. At the plea colloquy defense counsel stipulated to a factual basis for the plea. Orozco did not.

Our Supreme Court has recently emphasized that at the prima facie stage a trial court is only permitted to deny the petition if the record of conviction forecloses the possibility that the petitioner was convicted under an invalid theory as a matter of law. (*People v. Curiel*, *supra*, 15 Cal.5th at p. 470.) If there is a possibility that the petitioner could provide evidence to rebut the evidence in the record of conviction, the resolution of the matter involves factfinding and an evidentiary hearing is required. (*People v. Lewis*, *supra*, 11 Cal.5th at p. 972.) Because Orozco did not admit to the facts contained in the preliminary hearing transcript there remains a possibility that he could rebut the evidence in the record of conviction. (See *People v. Williams* (2024) 103 Cal.App.5th 375, 404.)

## DISPOSITION

We reverse the trial court's order denying Orozco's petition for resentencing under Penal Code section 1172.6 and remand for further proceedings.

NOT TO BE PUBLISHED.


MOOR, Acting P. J.


We concur:


KIM, J.


DAVIS, J.*

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.