Filed 3/24/25  P. v. Champion CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D085180 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. INF1901754) |
| JOSEPH EUGENE CHAMPION, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Riverside County, Otis Sterling III, Walter H. Kubelun, Judges.  Affirmed.

Stephen M. Lathrop, under the appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Christopher P. Beesley and Namita Patel, for Plaintiff and Respondent.

Defendant Joseph Champion filed a pretrial motion under Penal Code section 1424 to recuse the deputy district attorney who was prosecuting his case.[1]  Champion claimed that, at the beginning of the case, the prosecutor said she would not plea bargain because he had previously been acquitted of murder.  Although the prosecutor later indicated a willingness to entertain a plea offer, Champion asserted that the bias reflected in her alleged comment made it unlikely she would fairly negotiate a resolution.  The court denied Champion's motion without conducting an evidentiary hearing, reasoning that recusal would not have been appropriate even if live testimony confirmed the prosecutor's comment.  We find no error in the trial court's ruling and accordingly affirm the judgment.

In addition, Champion requests that we order the superior court to revise the description of one of his charges in the abstract of judgment to match the theory of his conviction.  We grant this request and instruct the superior court to revise the abstract of judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2019, the Riverside District Attorney's Office (DA's Office) filed a felony complaint alleging that Champion had committed an aggravated sexual assault against a child under fourteen years old (the sexual assault case).  The People later alleged  four counts in second amended information, including in count 4 the offense of oral copulation or sexual penetration of a child 10 years of age or younger (§ 288.7, subd.

---

[1]     Subsequent undesignated statutory references are to the Penal Code.

2

(b)).[2]  In July 2023, a jury convicted Champion on all counts.  After several circumstances in aggravation were found true, Champion was sentenced to a term of 30 years to life plus 3 years in prison.

Deputy District Attorney Shea Strand (Strand) handled the sexual assault case.  Champion claims that during his initial appearance, Strand told his trial attorney, Roger Tansey, that she was unwilling to plea bargain because she believed Champion had "got[ten] away with murder."[3]  This alleged comment alluded to Champion's 2018 acquittal of murder and another charge in connection with the death of his and former girlfriend's child (the murder case).  That case was also brought by this DA's Office, but it is unclear whether Strand was involved in it.

For her part, Strand denied making this comment  She also stated that in December 2019, she sent Tansey an e-mail expressing her view that the sexual assault case was "a life case[ ] and . . . this particular defendant deserves life."  She also explained that her no-plea posture was based on "the heinous acts [Champion] committed, not because of his acts in the prior case."  In January 2022, however, Strand told Tansey that she was willing to negotiate, a change in position Tansey took as a tacit admission that her prior comments were improper.  Although Tansey believed that a reasonable

[2]    The People also charged one count of aggravated sexual assault of a child under fourteen—oral copulation (§§ 269, subd. (a)(4), former 288a, subds. (c)(2)–(3) & (d)(2)–(3)) (now § 287, amended and renumbered by Stats. 2018, ch. 423 (Reg. Sess. 2017–2018), eff. Jan 1, 2019) § 49), and two counts of committing a nonforcible lewd act upon a child under fourteen (§ 288, subd. (a)).

[3]    The facts are taken from the sworn declarations submitted to the trial court by Tansey, a colleague of Tansey's, and Strand in April 2022 in support of the parties' briefing on Champion's recusal motion.

defense offer would not have been accepted, he did not state that he made any attempt to engage Strand in plea negotiations.

In April 2022, Champion filed a motion for an evidentiary hearing on whether to recuse the entire DA's Office. As for his allegation against Strand that is reasserted on appeal, Champion contended that her initial unwillingness to plea bargain was meant to penalize him for successfully exercising his constitutional right to go to trial in the murder case. He believed that Strand's comment gave an "appearance of vindictiveness" necessitating an evidentiary hearing because they reflected an "animus that has driven the prosecution of this case."

The court construed Champion's motion as a motion to recuse Strand it concluded that recusing the entire DA's Office was not appropriate.[4] In addition to the parties' arguments, the court considered Champion's and the DA's Office's filings and the Attorney General's opinion counseling against recusal. As for the need for an evidentiary hearing, the court observed that the only factual dispute was whether Strand made the alleged comment that Champion had gotten away with murder. But the court reasoned that resolving this dispute was unnecessary because neither her "personal feelings about . . . [a] case" nor her initial unwillingness to plea bargain would support her recusal. Accordingly, the trial court denied Champion's motion in its entirety.

---

[4] "The threshold necessary for recusing an entire office is higher than that for an individual prosecutor." (*People v. Cannedy* (2009) 176 Cal.App.4th 1474, 1481 (*Cannedy*).)

4

## DISCUSSION

### A. *There was no abuse of discretion in denying Champion's recusal motion without conducting an evidentiary hearing.*

The primary issue on appeal is whether Champion's allegations that Strand was prejudiced against him based on the outcome of an unrelated case are sufficient to require the trial court to hold an evidentiary hearing on a section 1424 recusal motion. He contends that Strand's alleged comment that he had "gotten away with murder" evidenced a bias that may have influenced her discretionary prosecutorial decisions, including whether she would accept a reasonable defense plea offer. Champion also claims that his allegation concerning Strand's statement was enough for the trial court to hold an evidentiary hearing. The People counter that Champion's affidavits in support of his motion failed to make the prima facie case for recusal required for an evidentiary hearing because, even if their statements are credited, they did not establish that Strand suffered from a disabling conflict.

Recusal is appropriate under section 1424 only if "a conflict of interest exists that would render it unlikely that the defendant would receive a fair trial." (§ 1424, subd. (a)(1).) For these purposes, a "fair trial" requires "fair treatment during all portions of the criminal proceedings." (*People v. Conner* (1983) 34 Cal.3d 141, 148). Thus, a disabling conflict " 'exists whenever the circumstances of a case evidence a reasonable possibility that the DA's office may not exercise its discretionary function in an evenhanded manner. (*Cannedy*, *supra*, 176 Cal.App.4th at pp. 1480–1481.) "However, for recusal to be granted, a defendant must demonstrate that fair treatment by the office is unlikely." (*Id.* at p. 1481.) Recusal, therefore, "is not a mechanism to punish past prosecutorial misconduct. Instead, it is employed if necessary to ensure that *future* proceedings will be fair." (*People v. Bryant*, *Smith and Wheeler* (2014) 60 Cal.4th 335, 375.)

5

"[T]he statutory procedure established by section 1424 prescribes a two-stage process. At the first stage, the defendant must file a notice of motion containing 'a statement of the facts setting forth the grounds for the claimed disqualification and the legal authorities relied upon by the moving party,' and those allegations must be supported by 'affidavits of witnesses who are competent to testify to the facts set forth in the affidavit.' " (*Packer v. Superior Court* (2014) 60 Cal.4th 695, 710.) "[T]he trial court then decides whether or not the second stage, an evidentiary hearing, is necessary." (*Ibid*.) Consistent with the principle that evidentiary hearings are not fishing expeditions (*People v. Yeoman* (2003) 31 Cal.4th 93, 163), an evidentiary hearing on a recusal motion will be held only "if the defendant's affidavits establish a prima facie case for recusal—that is, if the defendant's affidavits, if *credited*, would require recusal." (*Packer*, 60 Cal.4th at p. 710.)

A trial court's decision to deny a recusal motion without conducting an evidentiary hearing is reviewed for abuse of discretion. (*Spaccia v. Superior Court* (2012) 209 Cal.App.4th 93, 109.) When, as here, the court did not make explicit findings of fact, our review "is limited to determining if the superior court abused its discretion, while assuming the court relied on any substantial evidence that tends to support its ruling." (*People v. Eubanks* (1996) 14 Cal.4th 580, 595.)

Although Champion maintains that Strand's perceived bias "potentially permeated many aspects of the prosecution," her willingness to fairly plea bargain was the only discretionary decision that was specifically addressed in his recusal motion and Tansey's accompanying affidavit. As to the prospect of fruitful plea negotiations, Tansey expressed skepticism that Strand would accept a reasonable plea offer after she became willing to

6

negotiate. This suspicion was based solely on Strand's alleged got-away-with-murder comment.

But there is a glaring omission from Tansey's affidavit: factual allegations that if credited would support his suspicion. He fails to mention any efforts to engage Strand in plea negotiations during the three months between when she indicated her willingness to entertain an offer and when he prepared his affidavit. He also failed to identify any other interactions with Strand during that period which suggested either that she still harbored the perceived bias or that her invitation to negotiate was an empty gesture. Our review of the record likewise reveals nothing to support a conclusion that Strand's alleged comment from two-and-a-half years earlier—which Tansey thought she had walked back because she knew it was improper—would likely have influenced her judgment during plea negotiations. In the end, Tansey's belief that Strand would not have fairly negotiated a plea amounts to speculation, which alone will not support recusal.[5] (*People v. Parmar* (2001) 86 Cal.App.4th 781, 800.)

## B. *The abstract of judgment will be revised to reflect the theory of Champion's conviction on count 4.*

Champion also requests that we order the superior court to revise the description of his conviction on count 4 in the abstract of judgment.

---

[5] In reaching this result, we reject Champion's contention that a different outcome is compelled *People v. Millwee* (1988) 18 Cal.4th 96, in which the trial court held an evidentiary hearing on a recusal motion. Here, the court accepted Champion's allegations as to the foundational facts, making an evidentiary hearing unnecessary to resolve the conflict in the declarations. The only remaining "factual dispute" was the accuracy of Tansey's subjective belief that Strand would not negotiate a reasonable resolution despite her professed willingness to do so. As we have explained, Champion offers no factual allegations that would change his speculative belief into evidence sufficient to support recusal.

7

The offense is described in the abstract as having "engage[d] in oral copulation or sexual penetration," which tracks the language of the cited statute—section 288.7, subdivision (b)—as well as the charging document. But the jury was instructed only on oral copulation, and this was the only theory of count 4 identified in both the verdict form and court's oral pronouncement of judgment. Champion characterizes the reference to sexual penetration as a clerical error that we should correct because the abstract may later be needed to prove the fact or nature of this conviction. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 386 (*Zackery*) [clerical error in abstract may be corrected on appeal]; *People v. Delgado* (2008) 43 Cal.4th 1059, 1066 [abstract may be used to prove conviction].) The People oppose because, in their view, the current description "reflects true facts."

When there is a discrepancy between the oral pronouncement of judgment and the abstract of judgment, the former controls. (*Zackery*, *supra*, 147 Cal.App.4th at p. 385.) Thus, Champion's concern about a subsequent mischaracterization of his conviction may be misplaced. Even so, we see no reason to allow this discrepancy to persist. We therefore grant his request for an order instructing the superior court to revise the abstract as he requests.

## DISPOSITION

The judgment is affirmed. The superior court is directed to revise the abstract of judgment to describe the conviction of count 4 as "oral copulation of a minor age 10 and under." (§ 288.7.) The superior court shall forward the amended abstract of judgment to the Department of Corrections and Rehabilitation.

DATO, Acting P. J.

WE CONCUR:


KELETY, J.


CASTILLO, J.

9